## HANLEY v. OIL CAPITAL BROADCAST-ING ASS'N et al.

No. 11456.

Court of Civil Appeals of Texas. Galveston.
Nov. 5, 1942.

Rehearing Denied Dec. 3, 1942.

Jack Flock and Craven Beard, both of Tyler, for appellant. .

No attorney for appellees.

CODY, Justice.

This is a suit to recover attorney's fees on account of services which were rendered from time to time, beginning in 1935 and ending shortly before suit was filed, which was on May 30, 1940. Defendants relied principally upon the two year statute of limitation. Vernon's Ann.Civ.St. art. 5526.

In response to special issues the jury found that the value of the services for which plaintiff sued defendants amounted to $1,763.60. The court adjudged that to the extent of $1,100 recovery by plaintiff was barred by the two year statute of limitations, and rendered judgment for plaintiff upon the verdict for the remaining sum of $663.60. The court further adjudged that there was no sufficient acknowledgment by defendants in writing of the justness of said indebtedness to take it out of the operation of aforesaid statute; and likewise further adjudged that plaintiff's pleadings were insufficient to tender any issue to the effect that defendants had so acknowledged in writing the justness of the items barred by the two year statute so as to take same out of the operation of the statute. Plaintiff alone has appealed, and seeks to reverse the judgment in so far as it was adverse, and have same here rendered for him.

In plaintiff's petition, following the allegation to the effect that plaintiff had on numerous occasions demanded payment from defendants of his attorney's fees for legal services, it is pled:

"That there has never been any complaint made by defendants as ·to the reasonableness of said fees and in response to plaintiff's statements for payment defendant Terry wrote plaintiff on September 30, 1938, concerning said fees as follows: 'You are entirely right about lawyers needing something to sustain themselves and I have your name at the head of the list for a check for $100. Things have been pretty slow of late but I am quite sure I can make remittance very shortly. I appreciate your attention and time you have given the KFRO and other matters.' Defendant Roy G. Terry again wrote plaintiff pursuant to plaintiff's statement and request for payment of said fees on August 12, 1939, as follows: 'Now regarding money matters, I am expecting and hope to settle some claims that I have in the very near future, which will enable me to liquidate the indebtedness of the station. In the meantime there is little I can do, however, I feel there is no doubt that I will make these settlements in mind shortly and that I shall be able to liquidate my obligations.'

"That there is now due the plaintiff from the defendants and each of them the sum of $2213.60."

From the foregoing pleadings it is apparent that plaintiff goes no further than merely to charge that defendants never complained about the reasonableness of the fees charged, and in response to his bills for payment wrote the letters quoted from. Were said letters sufficient under R.S. Art. 5539 to take the items of legal service rendered more than two years before the institution of the suit out of the operation of the two year statute of limitation? Art. 5539 provides: "When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged." In the early case of Coles v. Kelsey, 2 Tex. 541, 542, 47 Am. Dec. 661, it was held that under said Article, there must be both an acknowledgment of the existence of the debt, and an expression of a willingness to pay it. It has never been held in Texas that a debtor will lose the right given him by the statutes of limitation when replying to a dun from his creditor unless he denies the existence of the debt or expresses an unwillingness to pay it. At the time the letter of September 30, 1938, was written, an item on which there remained a balance of $650 then due was barred by the two year statute, while there was an item of more than $100 which was due but not barred. Said letter contained no acknowledgment of the justness of plaintiff's claim except in so far as the failure to deny the justness of such claim, after it has been presented, gives rise to the inference that he did not contest it. By such failure defendants might well have lost the right to contest the justness of so much of the claim as was not barred, but it could not deprive them of their statutory right to plead the statute of limitation. To be deprived of this latter right the defendants must be shown to have done something affirmative, not merely be shown to have "stalled" or sought to placate plaintiff, that must have acknowledged the justness of the debt.

Furthermore, plaintiff's allegations with respect to said letters are not inept upon a suit on the various items for legal services, if said allegations were made in order to forestall any plea upon the part of defendants that the charges for said services were unreasonable by showing that defendants did not question such reasonableness at any time after he had been billed therefor, but they are entirely inept as a declaration upon a new cause of action in lieu of the items which had been barred. It is too elementary to require citation of authority that where a plaintiff relies upon a written acknowledgment of the justness of a claim, where the claim is barred, he must sue upon such acknowledgment, and not upon the barred claim.

We regret that defendants (appellees) have not furnished us with a brief, and thus lightened the labor of passing upon this appeal.

Judgment is affirmed.

Affirmed.