JAMES H. HANLEY V. OIL CAPITAL BROADCASTING ASSOCIATION ET AL.

No. 8073. Decided June 2, 1943.
(171 S. W., 2d Series, 864.)

*Craven Beard* and *Jack Flock,* both of Tyler, for petitioner.

It was error for the Court of Civil Appeals to hold that the letters received by the petitioner, in response to statements for services rendered, mailed by petitioner and received by respondent, did not constitute an acknowledgment in writing under Article 5539, R. S. 1925, so as to render the statute of limitation of two years inapplicable, and in holding that his claims were barred by the two years statute of limitation. First Natl. Bank in Canyon v. Gamble, 132 S. W. (2d) 100; Gibson v. Whitley, 132 S. W. (2d) 291; Cochran v. J. B. Coe Lbr. Co., 82 S. W. (2d) 684.

*Frank Bezoni,* of Tyler, for respondent.

MR. JUDGE BREWSTER of the Commission of Appeals delivered the opinion for the Court.

On May 28, 1940, petitioner, James H. Hanley, a lawyer residing in Washington, D. C., sued respondents, Oil Capital Broadcasting Association and Roy G. Terry for attorney's fees for services rendered in obtaining a permit to construct and operate Radio Station KOCA, at Kilgore, Texas, and for other legal services rendered before the Federal Communications Commission, from April 9, 1935, to January, 1940. Respondents answered with a general denial and a special plea that "many of the items sued for by the plaintiff show that such services * * were rendered more than two years prior to the filing of this suit, for which reason the same is now barred by the two year statute of limitations."

The jury found that the services were rendered by Hanley as alleged, to the value of $1,763.60. However, they found that four items, of the value of $1,100.00, were performed more than two years before this suit was filed. The trial court rendered judgment in Hanley's favor for $663.60 but denied him recovery of the $1,100.00 because it "was barred by the two-year Statute of Limitations at the time of the filing of suit herein, and that there was no sufficient acknowledgment in writing by defendants herein to take said indebtedness out of the operation of said Statute of Limitations, and the pleadings are insufficient to sustain an issue of said items being sustained on written acknowledgment and promise to pay the same." On appeal of Hanley, this judgment was affirmed by the Court of Civil Appeals at Galveston. 167 S. W. (2d) 631.

Two questions are presented here, namely, (1) whether certain letters written by respondents were a sufficient "acknowledgment in writing," under Art. 5539, R. S. 1925, to render the two-year statute of limitation in applicable to Handley's demand, and (2) whether Hanley's petition was sufficient to present the issue of "acknowledgment in writing," under that article.

In the agreed statement of facts it appears that Hanley sent respondents several itemized statements of account, the first dated December 15, 1937, the last, November 1, 1939. After alleging the performance of his services and the sending of these statements, Hanley's petition alleges that under date of September 30, 1938, Terry wrote him as follows:

"You are entirely right about lawyers needing something to sustain themselves and I have your name at the head of the list for a check for $100. Things have been pretty slow of late but I am quite sure I can make remittance very shortly. I appreciate your attention and time you have given the K F R O and other matters;" that on August 12, 1939, pursuant to Hanley's statement and request for payment, Terry again wrote him as follows:

"Now regarding money matters, I am expecting and hope to settle some claims that I have in the very near future, which will enable me to liquidate the indebtedness of the station. In the meantime there is little I can do, however, I feel there is no doubt that I will make these settlements in mind shortly and that I shall be able to liquidate my obligations." These letters appear in the agreed statement of facts.

■ Art. 5539, supra, has been the law in Texas, without amendment, since February 5, 1841. Gammel's Laws of Texas, vol. 2, p. 630. Naturally, the sufficiency of the acknowledgment "to take the case out of the operation of the law" has been written on many times. Our decisions seem uniformly to recognize that, although it does so result in some cases, it was never the purpose of the act to permit debtors to escape their obligations. Rather, the evil it sought to remedy "was to prevent demands originally invalid or which had been discharged from being enforced after such a lapse of time as would probably make it impossible for defendants to procure the evidence by which a just defense could be established." Therefore, the reason for the statute no longer exists when the defendant, within a short time before the suit is filed, *has acknowledged the justness of the demand.* Howard et al, Adm'rs., v. Windom, 86 Texas, 560, 26

S. W. 483. And, if the writing acknowledges the justness of the claim, the acknowledgment imports (1) an admission that the claim is a subsisting debt and (2) a promise to pay it, if unaccompanied by any circumstances repelling the presumption of willingness or intention to pay. Webber v. Cochrane, 4 Texas 31; Howard et al v. Windom, supra; York v. Hughes (Com. App.), 286 S. W. 165; Stein v. Herman et al 118 Texas 16,, 6 S. W. (2d) 352, 9 S. W. (2d) 1104; Elsby v. Luna et ux (Com. App.), 15 S. W. (2d) 604; 26. Texas Digest, Limitation of Actions, Key 148 (2d). For example, a promise to pay may be inferred from a writing in which the writer asks his creditor's indulgence, promising to remit a portion of the indebtedness, or from a writing in which he requests his creditor's forebearance until he is able to raise the money. 28 Tex. Jur., p. 259, sec. 161.

In this case respondents had before them statements of the indebtedness which Hanley was claiming they owed him, detailing the services rendered, the dates the same were performed and the fee demanded for each. In their replies respondents recognize the justness of Hanley's claims; they say they have his name "at the head of the list" of the radio station's creditors "for a check," that they are sure they can "make remittance very shortly," that they hope very shortly to settle some claims which will enable them "to liquidate the indebtedness of the station." Certainly there is nothing in the letters which can be tortured into any expression of unwillingness or lack of intention to pay. We hold that they are a sufficient acknowledgment of the justness of Hanley's claims to take his demand out of the operation of Art. 5539, supra, and that they clearly import a promise by respondents to pay Hanley in accordance with his statements. The facts are closely analogous to those in Elsby v. Luna et ux, supra.

■ As to the sufficiency of Hanley's petition, we recognize that his demand must be upon the new promise, that he must declare upon it as his cause of action, in order to avoid respondents' plea of limitation. Cain v. Bonner et al, 108 Texas, 399, 194 S. W. 1098, 3 A. L. R. 874. "If the new promise is the cause of action, surely it ought to be set out in the petition." Coles v. Kelsey, 2 Texas, 541, 47 Am. Dec. 661. The correct practice is either (1) to quote the writing alleged to constitute the new promise, or (2) to attach it to the pleading as an exhibit. Canon v. Stanley et al (Civ. App.); 100 S. W. (2d) 377. Here, Hanley quoted the alleged new promise, which we have held to be a sufficient acknowledgment of respondents' debt to save it from the operation of Art. 5539, supra.

Although we find no briefs filed by the respondents either here or below, it seems to be their contention that Hanley's petition cannot be regarded as a suit upon the acknowledgment because he does not allege, in so many words, that he is suing thereon. We see no merit in that contention. His petition fills eleven pages of the transcript. The first nine and two-thirds pages give a detailed account of his employment by respondents and of the services rendered by him pursuant thereto, with a statement of the times when they were performed and the several fees charged therefor. Then follows this allegation: "That there has never been any complaint made by defendants as to the reasonableness or unreasonableness of said fees and in response to plaintiff's statements for payment defendant Terry wrote plaintiff on September 30, 1938, concerning said fees as follows." Then is quoted that letter as well as the letter of date August 12, 1939, as they appear above, immediately following which is the allegation, "That there is now due the plaintiff from the defendants and each of them the sum of $2,213.60 * *." We think this was a sufficient notice to the respondents that Hanley intended to rely on the letters as a new promise in order to avoid the operation of the statute and that no further allegation in that regard was necessary. See Howard et al v. Windom, supra, and the other authorities cited in the last preceding paragraph. We observe that the respondents in no manner excepted to Hanley's petition, hence all intendments will be resolved in his favor. 33 Tex. Jur., pp. 628 & 629, secs. 177 & 178. Moreover, we think any other holding would be contrary to both the letter and the spirit of Rule 47, Texas Rules of Civil Procedure.

The judgment of the courts below are reversed and judgment is rendered in favor of petitioner for $1,763.60.

Reversed and rendered.

Opinion adopted by the Supreme Court June 2, 1943.