Lorraine AINSWORTH by next friend
Lois Ainsworth, Appellant,

v.

HOMES OF ST. MARK, Appellee.

No. 16558.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 6, 1975.

C. C. Divine, Houston, for appellant.

Fouts, Moore, Caldwell, Coleman & Royall, Donald R. Royall, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from an order of the trial court dismissing appellant's bill of review and application for writ of habeas corpus on the pleadings without an evidentiary hearing. The judgment is affirmed.

By this action Lois Ainsworth appearing as next friend for her minor child, Lorraine Ainsworth, seeks to regain custody of said minor child. Lois Ainsworth had previously surrendered custody of said child to the Homes of St. Mark as provided in Section 13.02 of the Texas Family Code. Subsequently she sought by a writ of habeas corpus to regain custody of said child. A petition to terminate parent-child relationship was consolidated with that action for trial. A judgment was entered severing the parent-child relationship and denying the application for writ of habeas corpus. An appeal from this judgment was dismissed by this court for want of jurisdiction. This action was then filed.

Homes of St. Mark, the respondent in the trial court, filed an answer alleging that the application for bill of review failed "to meet the requirements of a bill of review" in certain particulars, and prayed that the application be denied. In answer to the application for writ of habeas corpus the defendant alleged that the parental rights of Lois Ainsworth had been terminated and Homes of St. Mark had been appointed managing conservator of such child by a final judgment of the Juvenile Court No. Three of Harris County. The respondent alleged that by reason of this judgment relator has "no standing . . . to claim possession of said child." After hearing argument of counsel, the trial court dismissed both the petition for bill of review and the application for writ of habeas corpus.

■ The plaintiff contends that the trial court erred in refusing to grant her a trial on the merits of her case. The defendant's pleading to the application for bill of review presented special exceptions to the bill as authorized by Rule 91, Texas Rules of Civil Procedure. The fact that the pleading was not designated a special exception does not change its effect. Rule 71, Texas Rules of Civil Procedure. The trial court impliedly sustained the exceptions and ordered the petition dismissed. When special exceptions are sustained, the pleader as a matter of right must be given an opportunity to amend. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974).

■ The plaintiff does not assert that the trial court refused a request on her part to amend her pleadings and has not presented a point complaining that the trial court erred in refusing to permit her to amend. Where a party is denied the right to amend and such fact is not reflected in the record, a motion for new trial is required to preserve such error. *Harmon v. City of Dallas,* 229 S.W.2d 825 (Tex.Civ.App.—Dallas, 1950, writ ref. n. r. e.).

■■ In order to set aside a final judgment by a bill of review the petitioner must both allege and prove 1) a meritorious claim or defense, 2) which petitioner was prevented from making in the prior proceeding by fraud, accident or wrongful conduct of the opposite party, 3) unmixed with any fault or negligence on the part of the petitioner. *French v. Brown,* 424 S.W.2d 893 (Tex. 1967). While petitioner alleged that she had a meritorious claim (asserted in the petition for writ of habeas corpus), she failed to allege that she was prevented from making it in the prior proceeding by fraud, accident or wrongful conduct of the opposite party unmixed with any fault or negligence on her part. She did not, however, assert that she had a meritorious defense to the suit to terminate the parent-child relationship. While the defendant's exception was not properly drawn, it was sufficient to point out to the court the defect in the plaintiff's application for a bill of review. The trial court properly sustained this exception. Since the question of the court's failure, if such is the case, to allow the plaintiff to amend is not before this court, the plaintiff's point challenging the action of the trial court in dismissing the case cannot be sustained.

■ The trial court correctly sustained defendant's plea, in the nature of a plea in abatement, that the relator had no standing to seek to regain possession and custody of

the child by way of a writ of habeas corpus. Plaintiff alleged that Homes of St. Mark was appointed the managing conservator of the child by the Juvenile Court No. 3 of Harris County, Tex. Section 14.10 of the Family Code of Texas provides in part:

"(a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order."

Section 11.07 of the Family Code provides that a suit affecting the parent-child relationship shall be commenced by the filing of a petition as provided in this chapter. Section 11.08 of the Code specifies in detail the matter which must be included in such a petition. When these two sections are considered along with Section 14.10 of the Code it seems clear that a writ of habeas corpus is available only for the purpose of securing the possession of a child to the person presently having the right to such possession.

The judgment is affirmed.