ALLIED CHEMICAL CORPORATION,
Appellant,

v.

Edward F. KOONCE et ux, Appellees.

No. 16825.

Court of Civil Appeals of Texas,
Houston (First Dist.).

Feb. 10, 1977.
Rehearing Denied March 10, 1977.

Eikenburg & Stiles, Stephen S. Mims,
Houston, for appellant.

Hanks & Winchester, Stephen W. Hanks,
Houston, for appellees.

COLEMAN, Chief Justice.

This is an appeal from a judgment sustaining a special exception on the ground

that the plaintiff's claim was barred by the statute of limitation and ordering the case dismissed. We affirm.

Allied Chemical Corporation, hereinafter called Allied, sued Edward F. Koonce and his wife Juanita M. Koonce for the balance due on a promissory note dated February 4, 1970, and payable on demand to Trust Company National Bank of Morristown, New Jersey. A copy of the note is attached to the plaintiff's petition and it reflects that on February 6, 1976, American National Bank & Trust assigned the note to Allied. This suit was filed on June 15, 1976.

The defendants filed an answer which included a special exception to the effect that the plaintiff's petition showed on its face that the claim was barred by the four year statute of limitation applicable to debts founded upon contracts in writing, Article 5527, Revised Civil Statutes.

Allied then filed a supplemental petition which, aside from formal averments, reads:

"Now comes, ALLIED CHEMICAL CORPORATION, Plaintiff in the above styled and numbered cause, and by way of supplement to its original petition heretofore filed, would respectfully show unto this Honorable Court as follows:

V.

"Pleading further, should it be required, Plaintiff would show that by the various correspondence to Plaintiff by the Defendant, true and correct copies of same being hereto attached and incorporated by reference as Exhibit 'b', the Defendant has waived the applicable statutes of limitation to the obligation made the subject of this suit, or, in the alternative, by virtue of such correspondence, the Defendant is estopped from setting up limitations as a bar to these proceedings.

"WHEREFORE, PREMISES CONSIDERED, Plaintiff incorporates by reference the allegations and prayers of its original petition heretofore filed."

Copies of the correspondence relied on were attached to the supplemental petition. In addition Allied filed what is termed "Reply in Opposition to Defendants' Special Exceptions to Plaintiff's Original Petition." This reply merely states that by virtue of the defendants' correspondence to plaintiff, the defendant has waived the applicable statute of limitations or, in the alternative, the defendant is estopped from setting up limitations as a bar to these proceedings.

The letters were directed to Mr. John D. Warman or Worman, Union Texas Petroleum Division, Allied Chemical Corporation. The writings acknowledge the existence of a debt and promise to pay same. One letter was addressed to "TEXGAS", attention: Mr. John D. Warman. This letter was dated December 7, 1975. None of the letters was directed to Trust Company National Bank, the payee in the note sued on, or to American National Bank & Trust, who assigned the note to Allied Chemical Corporation.

It appears on the face of the petition that the suit on the note is barred by Article 5527, supra, the four year statute of limitation for debts founded on a contract in writing. The plaintiff contends that by reason of the supplemental petition and the correspondence attached thereto as exhibits issues of waiver and estoppel are raised, and further points to the fact that no exception was levied at the supplemental petition. In this connection plaintiff relies on Article 5539, Revised Civil Statutes, providing:

"When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

█ It has long been the rule that by reason of Article 5539, supra, where a debtor acknowledges in writing the justness of the creditor's claim based on the debt which has been barred by limitation, the creditor may bring suit on the new promise to pay evidenced by, or implied from, the written acknowledgment. The new promise consti-

tutes the creditor's cause of action and he must declare on it in order to avoid a plea of limitations. *Hanley v. Oil Capital Broadcasting Association*, 141 Tex. 243, 171 S.W.2d 864 (1943); *Siegel v. McGavock Drilling Company*, 530 S.W.2d 894 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.).

Article 5539, supra, does not operate to suspend limitation or to revive the original agreement; its office is to support an action on the promise to pay that is stated in or implied by the debtor's written acknowledgment of the justness of the creditor's claim which is independent of the barred debt, which is consideration for the new promise. Such a written acknowledgment will not support a cause of action on the old debt based on waiver of the statute of limitation or estoppel from asserting it. *Siegel v. McGavock Drilling Company*, supra.

In order to rely upon a subsequent promise to pay a barred debt, it has been held that the plaintiff must allege that promise in "plain and emphatic terms" as the basis of his cause of action. *White v. Stewart*, 19 S.W.2d 795 (Tex.Civ.App.—Dallas 1929, writ ref'd).

Pleadings substantially similar to those filed by the plaintiff in this suit have been held sufficient to support a judgment where defects in the pleading were not specifically pointed out by motion or exception in the trial court. *Hanley v. Oil Capital Broadcasting Association*, supra; *Appell Petroleum Corporation v. Moreman Tire Co.*, 416 S.W.2d 470 (Tex.Civ.App.—Eastland 1967, no writ history); *Payne v. Miller*, 229 S.W.2d 857 (Tex.Civ.App.—San Antonio 1950, writ ref'd).

In *Payne v. Miller*, supra, the court stated:

> ". . . appellant in this case presents no exceptions to appellee's petition because of its failure to rely for recovery upon the new promise, and in view of the provisions of Rules 47 and 90, Texas Rules of Civil Procedure, appellant is not in a position to now question the sufficiency of appellee's petition."

Allied did not declare on the new promise expressed in and implied from the acknowledgment of the justness of the debt found in the writings attached as exhibits to the supplemental petition. There is no allegation that Allied was the owner of the debt at the time the exhibits were written, nor that Allied was a representative of the creditor at that time. An acknowledgment to be sufficient as an implied promise to pay a barred debt must be made to or for the benefit of the party to whom the debt is due. *City of Houston v. Jankowskie*, 76 Tex. 368, 13 S.W. 269 (1890); *McDonald v. Ayres*, 269 S.W. 1105 (Tex.Civ.App.—Galveston 1925, no writ history).

The trial court did not err in sustaining the special exception to the plaintiff's petition. The petition shows on its face that it is barred by the four year statute of limitation. *Siegel v. McGavock Drilling Company*, supra; *Fortney v. Olivetti Underwood Corp.*, 398 S.W.2d 178 (Tex.Civ.App.—Houston 1966, no writ history).

The record does not reflect whether plaintiff was given an opportunity to amend his petition prior to the entry of the judgment dismissing the cause. Where a party is denied the right to amend and such fact is not reflected in the record, a motion for new trial is required to preserve such error. *Ainesworth v. Homes of St. Mark*, 530 S.W.2d 877 (Tex.Civ.App.—Houston [1st] 1975, no writ history); *Harmon v. City of Dallas*, 229 S.W.2d 825 (Tex.Civ.App.—Dallas 1950, writ ref'd n.r.e.).

The judgment is affirmed.