Nancy K. **ELDRIDGE** and the Estate of H.L. Eldridge, Appellants,

v.

Janie **COLLARD** and the Estate of C.B. Collard, Appellees.

No. 2–91–016–CV.

Court of Appeals of Texas, Fort Worth.

June 24, 1992.

John Emmett, Dallas, for appellants.

Moore, Lewis & Russwurm, P.C., and Thomas C. Moore, Dumas, for appellees.

Before JOE SPURLOCK, II, FARRIS and MEYERS, JJ.

## ·OPINION

JOE SPURLOCK, II, Justice.

The estate of H.L. (Hubert) Eldridge together with his widow Nancy Eldridge appeal an adverse jury verdict and judgment ordering them to pay $111,500, plus $12,400 in attorney's fees to the estate of Nancy's father and to her stepmother. We reverse and render, and order that appellees take nothing.

In December 1975, appellees Janie and C.B. Collard[1] loaned Nancy and Hubert Eldridge $13,000. On April 24, 1980, the Collards loaned Hubert and his mother, Bonnie, $60,000, a portion of which was used to pay the unpaid balance of the 1975 loan made to Nancy and Hubert. The $60,000 loan was evidenced by a promissory note signed by Hubert and his mother, Bonnie, which stated: "The principal of this note is payable in SIX month[2] installments of $10,000. each," the first due and payable on or before October 24, 1980.[3] The note was secured by a deed of trust lien on property belonging to Bonnie Eldridge and was signed only by Hubert and

1. C.B. Collard, now deceased, is Nancy's father, and Janie Collard is her stepmother.

2. The word "monthly" was part of the boiler plate language of the promissory note; however, when the terms of the agreement were filled in, the "ly" was crossed out by an X.

3. Appellants contend that, but for the typographical error on the face of the note, the note provided for six installments of $10,000 per

Bonnie. Neither Nancy's name nor signature appear anywhere on the note. Hubert paid interest on the $60,000 note for approximately sixteen months; however, no principal payments were ever made. On July 28, 1986, Janie Collard and C.B. Collard's estate filed this suit.

All of appellants' points of error involve the questions submitted to the jury, which in pertinent part asked:

### QUESTION NO. 1:

. . . .

Do you find from a preponderance of the evidence that subsequent to October 24, 1984, H.L. Eldridge acknowledged the promissory note of April 24, 1980?

Answer "We do" or "We do not"

Answer: *We do not*

· Do you find from a preponderance of the evidence that subsequent to October 24, 1984, Nancy K. Eldridge acknowledged the promissory note of April 24, 1980?

Answer "We do" or "We do not"

Answer: *We do*

. . . .

### QUESTION NO. 2:

Do you find from a preponderance of the evidence that Nancy Eldridge acknowledged the indebtedness which is the subject of this lawsuit as an agent of H.L. Eldridge?

Answer "We do" or "We do not"

Answer: *We do*

. . . .

### QUESTION NO. 3:

Do you find from a preponderance of the evidence that the funds loaned and evidenced by the promissory note that is

month, commencing on October 24, 1980 and maturing on March 24, 1981. Appellees contend that the note was ambiguous. We agree. We assume from the jury charge that the trial judge held the promissory note was due and payable in full on October 24, 1980 inasmuch as he chose that date four years later for the jury to consider as the time frame for any acknowledgment.

the subject of this lawsuit, were loaned for the benefit of Nancy K. Eldridge and H.L. Eldridge?

Answer "We do" or "We do not"

Answer: *We do*

In point of error number one, appellants contend that the trial court erred in granting a judgment to appellees based on "Question No. 1" because there were no pleadings to support its submission to the jury.[4] In point of error number six they argue that the trial court erred in granting a judgment to appellees based on "Question No. 2" because there is no evidence that Nancy acknowledged the note of April 24, 1980 as Hubert's agent.

Appellants contend that appellees filed suit on a promissory note that was barred by the statute of limitations.[5] Appellants recognize that when a claim has been barred by limitations, a renewed cause of action *can be created* subsequent to maturity of the original obligation by an acknowledgment of the justness of the claim in writing and signed by the party to be charged, citing TEX.CIV.PRAC. & REM.CODE ANN. § 16.065 (Vernon 1986). We observe this has been the law in Texas, unchanged, since 1841. However, appellants argue that the action must be brought on the *acknowledgment* to pay the original indebtedness and not on the original indebtedness itself, citing *Hanley v. Oil Capital Broadcasting Ass'n*, 141 Tex. 243, 171 S.W.2d 864 (1943); *Allied Chemical Corp. v. Koonce*, 548 S.W.2d 80 (Tex.Civ.App.— Houston [1st Dist.] 1977, no writ).

Appellants further contend that the acknowledgment must be specifically pled as the cause of action in order to avoid a pled bar of limitations to the original debt, citing *Siegel v. McGavock Drilling Co.*, 530

S.W.2d 894 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.).

We note that in *Hanley*, the Commission on Appeals in an opinion adopted by the Supreme Court observed:

As to the sufficiency of Hanley's petition, we recognize that his demand must be upon the new promise, that he must declare upon it as his cause of action, in order to avoid respondents' plea of limitation.

*Hanley*, 171 S.W.2d at 866. Appellants argue that since appellees filed suit on the April 24, 1980 promissory note (the old indebtedness, instead of a later written acknowledgment) there were no pleadings to support the submission of question number one. We agree.

A plaintiff must allege in "plain and emphatic terms" that the subsequent acknowledgment to pay the barred debt was the basis of the cause of action. *Allied*, 548 S.W.2d at 82. To recover on the acknowledgment, it must be specifically pled as the cause of action in order to avoid the pled bar of limitation to the original debt. *Siegel*, 530 S.W.2d at 896. The court in *Hanley* held that "[t]he correct practice is either (1) to quote the writing alleged to constitute the new promise, or (2) to attach it to the pleading as an exhibit." *Hanley*, 171 S.W.2d at 866. Here appellees did neither.

Appellees counter that they pled the acknowledgment in sections VI and VII of their "Plaintiffs' Second Amended Original Petition."[6] Section VI provides:

#### VI.

On or about May 25, 1980, at the special request of Nancy K. Eldridge and H.L. Eldridge, the terms of payment on the note were modified and Nancy K.

---

**4.** In their Table of Contents, appellants state that there were no pleadings to support the submission of Written Questions 1 and 2; however, in the body of the brief, the point of error only argues that there were no pleadings to support the submission of Written Question 1. Since the appellants only address Written Question 1 in the body of the brief, we will not address Written Question 2.

**5.** An action on a debt must be brought no later than four years after the date the cause of action accrues. TEX.CIV.PRAC. & REM.CODE ANN. § 16.004(a)(3) (Vernon 1986). In the instant case, appellants pled the statute of limitations as an affirmative defense.

**6.** The petition the appellees are referring to is actually "Plaintiffs' First Amended Original Petition."

Eldridge and H.L. Eldridge at all times acknowledged said indebtedness.

Section VII provides:

### VII.

In October, 1985, Defendants acknowledged said indebtedness and entered into an agreement with Plaintiffs, supported by good and valuable consideration performed by Plaintiffs, whereby Plaintiffs agreed to give Defendants additional time to arrange for payment of said indebtedness. [The court notes that appellees' referenced exhibit is dated September 29, 1985].

■ We hold that by the language above appellees did not sufficiently plead any written acknowledgment as their cause of action. Section VI of their pleadings is not sufficient to allege an acknowledgment. (By contrast, see the alleged acknowledgment set out in *Hanley*, 171 S.W.2d at 866). Section VII might support an oral contract of debt, but it does not specifically allege that the *acknowledgment* is the cause of action, nor that it was in writing and signed by the person to be charged. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.065. The appellees' record references regarding their acknowledgment theory do not at all establish any written or oral acknowledgment of any previous debt, much less create an obligation to pay on a renewed one. Appellees do not quote the alleged acknowledgment, nor is there any written document attached to the pleading.

Moreover, once appellants pled the statute of limitations as a defense, appellees had the opportunity to plead a written acknowledgment (if they had one) as the cause of action and to conform the pleadings to meet the necessary requirements to allege a written acknowledgment. Furthermore, when appellants later objected to the charge, appellees could have (and should have) requested a trial amendment to conform the pleadings to the evidence if there had been any evidence in writing to support such a pleading. *See* TEX.R.CIV.P. 66.

■ Appellees alternatively argue that appellants did not preserve error because they did not specially except to the pleadings and obtain a hearing pursuant to TEX. R.CIV.P. 90. Therefore, appellants waived their right to object to the sufficiency of the pleadings. We disagree.

When appellees originally filed suit in July 1986 on the 1980 promissory note, appellants pled the affirmative defense of statute of limitations. *See* TEX.R.CIV.P. 94. Thus, appellants had no reason to specially except. In addition, appellants sufficiently preserved error by objecting both in writing and orally to the jury charge, arguing that the pleadings did not support a jury question on any acknowledgment of indebtedness subsequent to the date of the original note. *See* TEX.R.CIV.P. 272 & 274.

■ We hold that the appellees did not sufficiently allege the correct cause of action as required by TEX.CIV.PRAC. & REM. CODE ANN. § 16.065. Because a question cannot be submitted to the jury unless it has been properly raised by the pleadings and the evidence, the trial court committed error in submitting question number one. *See* TEX.R.CIV.P. 278. It is clear that this error did cause the rendition of an improper judgment in this case. TEX.R.APP.P. 81. Point of error number one is sustained.

There being no cause of action to support a judgment, and the matter not being tried by consent, it is immaterial what the jury found about any acknowledgment. We have nevertheless reviewed the evidence and find no evidence of any oral or written renewal of any obligations. Therefore, we additionally sustain point of error number six complaining of the jury's answer to question number two that Nancy acknowledged the note as Hubert's agent. This alone is sufficient cause to reverse and render. We find it unnecessary to address the other seven points of error.

Judgment is reversed and rendered that appellees take nothing. TEX.R.APP.P. 80 & 81. Because we are reversing the judgment in favor of appellants, we also reverse the $12,400 awarded to appellees as attorney's fees, for the fees were deriva-

tive of the original note upon which suit was barred by limitations.