TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00562-CV






Samuel and Leela Murphy, Appellants



v.




Fairfield Financial Group, Inc. and J. Richard ("Rick") Renshaw, Appellees






FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. 11,805, HONORABLE DONALD V. HAMMOND, JUDGE PRESIDING 







 Samuel and Leela Murphy (the "Murphys") appeal from a judgment recovered by
Fairfield Financial Group ("Fairfield"). We will affirm the judgment.


THE CONTROVERSY


 Fairfield held a promissory note assumed by the Murphys when they purchased
their home. The Murphys failed to make the final payment on the note, due May 5, 1994, in the
amount of $65,012.97. To execute a power of sale given him in a deed of trust securing the
Murphys' debt, J. Richard ("Rick") Renshaw posted notice that he intended to sell the home to
satisfy the deed-of-trust lien and vendor's lien securing the Murphys' debt. (1)

 The Murphys initiated the present litigation by filing a petition in which they
requested declaratory relief that the debt was barred by limitations. They applied for a temporary
injunction pending final hearing and a permanent injunction restraining the sale of their home. 
After the trial court refused their application for temporary injunction, the Murphys appealed to
this Court. We reversed the trial-court order and remanded the cause to the trial court with
instructions to issue the temporary injunction. See Samuel Murphy & Leela Murphy v. Fairfield
Fin. Group, Inc. & J. Richard ("Rick") Renshaw, No. 03-98-583-CV (Tex. App.--Austin June 19,
1999, no pet.) (not designated for publication).

 Following a bench trial, the court below rendered judgment on the merits that the
Murphys take nothing by their suit and that Fairfield recover judgment against them, jointly and
severally, as follows:

 1.  that Fairfield recover on its counterclaim judgment in the amount of $65,012.97
on the promissory note, together with attorney's fees and costs of court; and

 2.  judgment foreclosing the vendor's lien and deed-of-trust lien securing the
Murphys' debt, and ordering a sale of their home to satisfy the judgment. (2)

 The Murphys appeal now from the judgment. It is undisputed that the final or
"balloon" payment on the promissory note was due May 5, 1994, the Murphys failed to make the
final payment, and Fairfield did not file its causes of action against the Murphys--one to enforce
the promissory note and another to foreclose on the liens securing the note--until June 29, 1999,
a date more than four years after the Murphys' default.

LIMITATIONS -- ACTION TO ENFORCE THE NOTE


 The trial court concluded that Fairfield's action to enforce the promissory note was
not time barred because the action was filed within the six-year limitations period prescribed by
section 3.118 of the Texas Business and Commerce Code, (3) which provides as follows:


(a)  [A]n action to enforce the obligation of a party to pay a note payable at a
definite time must be commenced within six years after the due date . . . stated in
the note.


. . . .


(h)  This section does not apply to an action involving a real property lien covered
by Section 16.035 or 16.036, Civil Practice and Remedies Code.



Tex. Bus. & Com. Code Ann. § 3.118 (West Supp. 2000).

 In the Murphys' first assignment of error, they contend the trial court erred because 
Fairfield's action to enforce the note was governed not by the six-year limitations period of section
3.118, but rather by the four-year limitations period prescribed in section 16.035 of the Texas
Civil Practice and Remedies Code. That statute provides as follows:


§ 16.035. Lien on Real Property


(a)  A person must bring suit for . . . the foreclosure of a real property lien not
later than four years after the day the cause of action accrues.


. . . .


(d)  On the expiration of the four-year limitations period, the real property lien and
a power of sale to enforce the real property lien become void.


(e)  If a . . . note or obligation payable in installments is secured by a real
property lien, the four-year limitations period does not begin to run until the
maturity date of the last . . . installment.


(f)  The limitations period under this section is not affected by Section 3.118,
Business & Commerce Code.


(g)  In this section, "real property lien" means:


 (1)  a superior title retained by a vendor in a deed of conveyance or a purchase
money note; or


 (2)  a vendor's lien, a mortgage, a deed of trust, . . . securing a note or other
written obligation.



Tex. Civ. Prac. & Rem. Code Ann. § 16.035 (West Supp. 2000).

 Before turning to the arguments advanced by the Murphys in support of their
contention, we should make two observations. The first is that the very texts of the two statutes
refute the Murphys' contention. Section 3.118 of the Texas Business and Commerce Code applies
by its terms to "an action to enforce the obligation of a party to pay a note payable at a definite
time," while section 16.035 of the Texas Civil Practice and Remedies Code applies by its terms
to a "suit for the . . . foreclosure of a real property lien." Second, the Murphys fail to suggest
what possible meaning section 3.118 might have if, as they contend, it does not apply to "an
action to enforce the obligation of a party to pay a note payable at a definite time." We turn then
to the particulars of the Murphys' argument.

 The Murphys reason that two common-law rules prohibited the trial court from
"separating" the obligation of the note from the deed-of-trust and vendor's liens that secured the
debt; consequently, Fairfield's suit to enforce the note could only be governed by section 16.035
of the Texas Civil Practice and Remedies Code, which prescribes a four-year limitations period
for suits to foreclose liens on real property. (4)

 The first common-law rule is that separate instruments executed at the same time,
for the same purpose, and in the course of the same transaction, as in the present case, are to be
considered as one instrument and construed together. See Jones v. Kelley, 614 S.W.2d 95, 98
(Tex. 1986); Veal v. Thomason, 159 S.W.2d 472, 475 (Tex. 1942). This rule of construction is
well established, of course, but the authorities cited do not refer to it in a limitations context. The
Murphys argue, nevertheless, that because the note and liens are inseparable, separate limitation
statutes cannot govern actions to enforce the note, on the one hand, and actions to foreclose the
liens on the other.


 The second common-law rule relied upon by the Murphys is that a lien is merely
an incident of and inseparable from the debt it secures--a familiar precept in many contexts. See
University Sav. & Loan Ass'n v. Security Lumber Co., 423 S.W.2d 287, 292 (Tex. 1967); Palmer
v. Palmer, 831 S.W.2d 479, 481-82 (Tex. App.--Texarkana 1992, no writ). Security Lumber and
Palmer each dealt with the rule in a limitations context. In Security Lumber, the court stated that
"[s]ince the cause of action for debt was not barred, neither was the cause of action to foreclose
the liens." Security Lumber, 423 S.W.2d at 292. In Palmer, the court cited Security Lumber for
the proposition just stated, then declared:  "Stated conversely, if an action to foreclose the lien
is not barred, then neither is an action to collect the debt." Palmer, 831 S.W.2d at 482. The
statements in Security Lumber and Palmer were correct when they were made. The statements
were not true because the common-law rule made the note and liens inseparable; the statements
were true because both statutes--one governing actions to enforce a promissory note and another
governing actions to foreclose a lien--prescribed a four-year limitations period.

 Since the early twentieth century, separate statutes of limitation have in fact
governed suits to foreclose real property liens and suits to enforce promissory note obligations. 
They simply prescribed the same four-year time period until the 1995 enactment of section 3.118
of the Texas Business and Commerce Code, which established a six-year limitations period for
actions to enforce promissory notes of the kind indicated therein, while section 16.305 of the
Texas Civil Practice and Remedies Code continued to prescribe a four-year period for suits to
foreclose real-property liens. See, e.g., Vernon Sayles' Ann. Statutes, arts. 5693-95 (1911); Tex.
Rev. Civ. Stat. arts. 5520-23 (1925). The separate statutes, one for suits to enforce a note and
another for actions to foreclose real-property liens, were applied in, for example, Adams v.
Harris, 190 S.W. 245, 246 (Tex. Civ. App.--Texarkana 1916, no writ), where the debt was
enforced but the action to foreclose the liens was held to be time barred. And in another case,
the debt was held to be time barred but the real-property lien was foreclosed. See Benson v. C.E.
Slaughter Co., 206 S.W. 376, 377 (Tex. Civ. App.--El Paso 1918, no writ). These holdings
would have been impossible under the Murphys' theory.

 Most statutes of limitation modify the common-law rule that a cause of action, once
accrued, is immortal. See Fulghum v. Baxley, 219 S.W.2d 1014, 1015 (Tex. Civ. App.--Dallas
1949, no writ). The Murphys have not challenged the legislature's constitutional power to enlarge
or diminish the period of time required for bringing an action, nor that body's constitutional
power to prescribe different periods for actions to enforce a promissory note as opposed to actions
to foreclose the lien or liens that secure such notes.

 We hold section 3.118 of the Texas Business and Commerce Code governed
Fairfield's action to enforce the Murphys' promissory note.

 The Murphys give an alternative reason why Fairfield's cause of action to enforce
the note was barred by limitations, even assuming that section 3.118 of the Texas Business and
Commerce Code could otherwise apply to that action. Section 3.118 did not become effective
until January 1, 1996, or a date approximately one and one-half years after Fairfield's cause of
action on the note accrued; consequently, the Murphys assert, Fairfield is "barred from relying
on § 3.118." We disagree.

 Concerning cases like the present, the 1995 enactment that included the new section
3.118 provided as follows:


(a)  This Act does not affect an action or proceeding that is commenced or a right
that accrues before the effective date.


(b)  An action or proceeding that is commenced or a right that accrues before the
effective date of this Act is governed by the law in effect on the date the action or
proceeding was commenced or the right accrued, and that law is continued in effect
for that purpose.



Tex. Bus. & Com. Code Ann. § 3.101, Historical and Statutory Notes (West Supp. 2000)
(quoting "Section 9 of the 1995 amendatory act").

 Section 3.101 of the Texas Business and Commerce Code operates upon (1) "an
action or proceeding that is commenced" before the effective date of January 1, 1996, and (2) "a
right that accrues before the effective date." 

 Fairfield filed its counterclaim on June 28, 1999, thereby commencing its action
on the note well after, and not before the January 1, 1996, effective date of the 1995 legislation
that introduced the new six-year limitations period found in section 3.118 of the Texas Business
and Commerce Code. Under the explicit language of section 3.101(a) of the 1995 legislation, the
new six-year limitations period thus governed Fairfield's cause of action on the note.

 Obviously, however, Fairfield's "right" of action on the note "accrued" on May
5, 1994, or a date well before the January 1, 1996, effective date of the 1995 legislation. Why
is this then not a "right that accrues before the effective date" of January 1, 1996, so as to be
governed by the four-year limitations of pre-existing law, as stated in Note (b) of section 3.101? 
In the limitations context of section 3.118, Fairfield's "right" of action is not the relevant
"right." In that context, the relevant "right" is the Murphys' "right" to plead in bar the four-year
limitations period prescribed by prior law in section 16.004(a)(3) of the Texas Civil Practice and
Remedies Code. Was their right to interpose this four-year limitations period "continued in
effect" past January 1, 1996 by force of Note (b) in section 3.101 of the Texas Business and
Commerce Code? We believe not. On the January 1, 1996, effective date of section 3.118, the
four-year limitations period of the existing law had not expired. As suggested in the State Bar
Committee Comments accompanying section 3.118, the Murphys' right to plead the four-year bar
had not become a vested right by January 1, 1996; consequently that period of limitations,
prescribed by section 16.004(a)(3), was not "continued in force" for their benefit by reason of
section 3.101 of the Texas Business and Commerce Code. (5) We hold accordingly.

LIMITATIONS--ACTION TO FORECLOSE REAL PROPERTY LIENS


 Fairfield's cause of action for foreclosure of its liens accrued on May 6, 1994, the
day after the final or "balloon" payment was due. More than four years later, Fairfield first
asserted its cause of action for foreclosure in a counterclaim filed in the present cause on June 28,
1999. The Murphys pleaded the bar of section 16.035 of the Texas Civil Practice and Remedies
Code, which prescribes a four-year limitations period and declares in addition that such liens
become void after the four-year period. See Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a), (d),
(g).

 Fairfield rejoined by alleging that the Murphys had acknowledged in writing, after
the four-year period, the justness of the debt they owed Fairfield. The writing referred to is a
letter dated September 2, 1998, signed by the Murphys and received by Fairfield. (We will
reproduce the letter below.)

 The letter was received in evidence under section 16.065 of the Texas Civil
Practice and Remedies Code, (6) which forbids the admission of such evidence unless the
acknowledgment is in writing and signed by the party to be charged. The statute "simply renders
a writing necessary as a means of proof and does not effect the alteration in the legal construction
to be put upon such acknowledgment." 1 H. G. Wood, Limitation of Actions § 84 at 462 (4th ed.
1916).

 In a "finding of fact," the trial court determined that the writing was "sufficient
to constitute an acknowledgment of the debt owed by [the] Murphys to Fairfield and the lien
securing that debt." In a "conclusion of law," the trial court determined that "[t]he Murphys'
acknowledgment of the justness of Fairfield's claims . . . and the Liens prevents the Liens from
being barred by limitations."

 The finding of fact and conclusion of law just quoted refer to the common-law
doctrine of "acknowledgment." Under that doctrine an action barred by limitation is revived by
the debtor's new promise to pay upon which the creditor may then sue. The doctrine holds as
follows: A writing, formal or informal, signed by the debtor, "acknowledges" a debt if the
instrument as a whole reflects a distinct, unambiguous, unqualified, and unconditional admission
that a debt is presently due and unpaid. Although the face of the instrument does not reflect any
amount nor contain an express promise to pay, the amount may be proved by parol and a new
promise to pay is fairly inferred from the admission itself, if nothing on the face of the writing
repels the inference of an implied promise to pay. See, e.g., Hanley v. Oil Cap. Broad. Ass'n,
171 S.W.2d 864, 865-66 (Tex. 1943); Starr v. Ferguson, 166 S.W.2d 130 (Tex. 1942); First
Nat'l Bank v. Gamble, 132 S.W.2d 100 (Tex. 1939); Stein v. Hamman, 6 S.W.2d 352, 353 (Tex.
1926); Howard & Hume v. Windom, 26 S.W. 483, 485 (Tex. 1894).


 If the writing as a whole reflects that the debtor's new promise to pay is
conditional, limited, or qualified, the creditor may not recover unless he shows fulfillment of the
restriction that the debtor has placed upon his new promise to pay. For example, "[a] promise
to pay when the promisor is able, or on a named contingency," such as the sale of a house, "is
a conditional promise, and there can be no recovery without proof that the condition has been
fulfilled or the contingency has happened." 1 H.G. Wood, Limitation of Actions, § 95d(6) at 503.

 The writing relied upon by Fairfield, in its claim of an acknowledgment by the
Murphys, is their letter to Fairfield dated September 2, 1998. The letter stated as follows:


Sorry it took so long, but we have a block on our long-distance & today was the
first chance to get to Llano to the tax office.


We would like to request a "holiday" from the interest on the house, as we will
have to be paying on the taxes also and can't afford both on our income. If the
house payment could be cut ½ and all of it go to principal, we might be able, with
our children's help, to hang on. I know this seems like a lot to ask, but I don't see
any other way we can do it. I hope we can work something out, as we really hate
to lose the house.


Thank you so much for your consideration the past few years--it has been a big
blessing for us.


 Sincerely,

 Mr. and Mrs. Samuel Murphy


P.S. We are both disabled, on disability, Mr. Murphy is legally blind, on dialysis
3 x weekly & cannot work at all. I cannot work because of my Rheumatoid
Arthritis--I am having to use a walker or wheelchair to get around & have
fibromyalgia, which is painful and tender over most of my body.



 It is undisputed that the Murphys owed only one debt to Fairfield and that only one
set of liens existed to secure the debt. The letter is therefore not rendered uncertain as to the debt
and liens to which it refers.

 In their first assignment of error, within their complaint regarding the trial-court
determinations sustaining Fairfield's claim of an acknowledgment, the Murphys contend the trial
court erred in considering the acknowledgment as a question of fact as opposed to a question of
law. This contention refers, evidently, to the trial court's including as a "finding of fact"
approximately the same determination that the court included under the heading "conclusions of
law"--namely that the letter quoted above was an acknowledgment of the justness of the debt. We
believe with the Murphys that the question was one of law to be determined based on the letter
itself, and not in this instance a question requiring the assistance of a factfinder as to a related
question of fact. (7) The headings under which the trial court made its determinations are not,
however, controlling. We must construe together the findings of fact and conclusions of law to
determine if they support the trial-court judgment as against the Murphys' assignments of error. 
See Brown v. Frontier Theatres, Inc., 369 S.W.2d 299, 301 (Tex. 1963).

 We turn then to the Murphys' chief complaint in their assignment of error
concerning the acknowledgment found by the trial court:  they contend any new promise to pay
inferred from their letter was conditional. Their brief does not, however, explicitly identify the
nature of the condition claimed. As best we can tell, they mean that any new promise to pay was
conditioned upon Fairfield's agreeing to an interest "holiday" and a reduction of their installment
payments by one-half. Fairfield contends the letter is not susceptible of such a construction and
that the letter, in substance, amounts to no more than a request for indulgence or forbearance on
Fairfield's part.

 We have studied carefully the letter dated September 2, 1998. It is apparent to us
that the writing as a whole amounts to a clear and distinct admission that the Murphys presently
owe the debt to Fairfield, secured by the liens in question. This admission implies a new promise
to pay the debt unless something on the face of the letter indicates that the new promise is subject
to a condition. And such an admission is necessary to the Murphys' argument, for without an
admission that the debt is owing they lack a predicate for their contention that the admission and
new promise were conditional.

 The second paragraph commences with the Murphys' assertion that "[w]e would
like to request a 'holiday' from the interest," followed by a statement that their income is
insufficient to pay both interest and taxes. This is followed by a prediction that they might be able
"to hang on," with the help of their children, if their house payments were reduced by half and
applied entirely to principal. Nothing in the letter denies liability, repudiates the debt, or suggests
an unwillingness to pay, as opposed to an inability to pay. The Murphys' recognition of their
liability on the debt is not made to depend upon the condition of an agreement by Fairfield.

 A request is not a condition. See Standard Sur. & Cas. Co. v. Wynn, 172 S.W.2d
789, 792 (Tex. Civ. App.--Amarillo 1943, no writ). We agree with Fairfield that the letter
amounts to no more than a request that Fairfield continue its course of indulgence and forbearance
followed in past years when the Murphys were seriously in default on the debt on other occasions. 
As such, the admission of liability and the new implied promise to pay were not conditional as
claimed by the Murphys. See Hanley, 171 S.W.2d at 866; Elsby v. Luna, 15 S.W.2d 604, 605
(Tex. 1929).


SUMMARY JUDGMENT


 The Murphys' next assignment of error complains that the trial court erred in not
granting their pre-trial motion for summary judgment because they were entitled to judgment as
a matter of law on the following propositions:  (1) the six-year statute of limitations found in
section 3.118 of the Texas Business and Commerce Code did not govern Fairfield's action for
debt evidenced by the promissory note; (2) the Murphys' letter of September 3, 1998 was a
conditional acknowledgment; and (3) the acknowledgment did not revive Fairfield's remedy of
foreclosure because it was undisputed that the condition stated in the acknowledgment had not
been fulfilled. We have heretofore determined these questions of law adversely to the Murphys'
contentions. The trial court did not err in the particulars claimed.


ATTORNEY'S FEES AND COSTS


 The judgment below awards Fairfield $10,058.00 as attorney's fees for the
prosecution of the suit to judgment in the trial court, together with "[a]ll costs of court expended
or incurred in" the cause and additional attorney's fees in the event of a motion for new trial and
appellate review. (8)

 In their statement of issues presented for appellate review, the Murphys declare
"[t]he trial court erred in assessing all costs to [the Murphys], including attorney's fees associated
with the interlocutory appeal to" this Court. In the pertinent part of the Murphys' argument, they
assert correctly that they proceeded in the trial court and in this Court under affidavits of inability
to pay costs, and that we, in our earlier judgment in the interlocutory appeal, ordered that
Fairfield pay all costs relating to that appeal, both in the trial court and in this Court.

 If we understand the argument that follows, the Murphys contend the "costs"
adjudged against them in the judgment we now review include a sum (unspecified as to amount)
for attorney's fees incurred by Fairfield in the previous interlocutory appeal. Consequently, the
trial court erred by thus setting aside, in effect, our earlier order that Fairfield pay the "costs"
associated with the interlocutory appeal.

 The effect of the Murphys' proceeding under their affidavits of indigency was to
excuse them from any requirement that they file security for costs in the trial court and to allow
them to proceed in this Court, on appeal, without advance payment of costs. See Tex. R. Civ.
P. 145; Tex. R. App. P. 20(a). The Murphys have referred to no authority, and we have found
none, that suggests their affidavits relieve them from liability on their promissory note to pay
attorney's fees and costs of court. If the trial court improperly included a part of Fairfield's
attorney's fees in the costs adjudged against the Murphys, we do not see how that fact prejudices
the Murphys because they do not contend that the judgment awards Fairfield a double recovery
of the attorney's fees relating to the interlocutory appeal. 


MISCELLANEOUS ISSUES


 The Murphys advance several other points in their brief that are necessarily
foreclosed by our holdings above, as follows:


 The trial court erred in overruling their plea in bar asserting the affirmative defense
of the four-year statute of limitations found in section 16.035 of the Texas Civil Practice and
Remedies Code.

 The trial court erred in overruling their motion to dismiss Fairfield's claims because
Fairfield was required, but failed, to plead and prove a cause of action based on the Murphys'
acknowledgment. (9)

 The trial court erred in refusing to make the Murphys' requested additional findings
of fact and conclusions of law as follows:

 a.  The letter written by the Murphys to Fairfield dated September 2, 1998, was
a conditional acknowledgment.

 b.  The conditions set out in the letter written by the Murphys to Fairfield dated
September 2, 1998, were never met.


 We find no reversible error in the trial court judgment. Accordingly, we affirm
the judgment.



 


 John E. Powers, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: May 31, 2000

Do Not Publish




















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Renshaw is an appellee in the cause solely by reason of his office as trustee having a power
of sale under the deed of trust.
2. The trial court suspended its judgment pending a final disposition of the cause on appeal.
3. Before section 3.118 became effective January 1, 1996, suits to enforce promissory notes
came within the four-year limitations period prescribed for "debt" actions generally in section
16.004(a) of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code
Ann. (West Supp. 2000); Elund v. Bounds, 842 S.W.2d 719, 726 (Tex. App.--Dallas 1992, writ
dism'd).
4. The Murphys give no reason why the six-year period of section 3.118 does not govern if
only one statute may apply to both a suit to enforce the note and a suit to foreclose a lien that
secures the note.
5. The State Bar Committee Comments under section 3.118 include the following:


 With respect to actions on instruments covered by this Act, the statute of
limitations provisions of section 3.118 should be interpreted to supersede, because
of their particularity, any conflicting statute of limitations of general applicability
under Texas law. See, e.g., Tex. Civ. Prac. & Rem. Code Ann. §§ 16.003, 16.004
(Vernon 1986).


. . . .


 During the initial years after the enactment of section 3.118, courts should
look to existing Texas case law that arose after the change in the two-year
limitations period to a four-year limitations period for oral debts for guidance on
when to apply section 3.118 to negotiable instruments that predated the effective
date. These cases generally provide that if the shorter limitations period had not
run on the effective date of the new act, the longer limitations period applied
because the defense of limitations would not become a vested right until the
limitations period had actually run. See, e.g., National Mar-Kit, Inc. v. Forrest,
687 S.W.2d 457, 460 (Tex. App.--Houston [14th Dist.] 1985, no writ).


Tex. Bus. & Com. Code Ann. § 3.118 cmt. (West Supp. 2000) (emphasis added).
6. § 16.065. Acknowledgment of Claim


An acknowledgment of the justness of a claim that appears to be barred by
limitations is not admissible in evidence to defeat the law of limitations if made after
the time that the claim is due unless the acknowledgment is in writing and is signed
by the party to be charged.


Tex. Civ. Prac. & Rem. Code Ann. § 16.065 (West 1997).
7. We believe the correct view is that expressed in Cotulla v. Urbahn, as follows:


As to whether a given instrument or any number of instruments contain such
promise as will relieve the bar of the statute [of limitations] is, it seems a matter of
law to be determined by the court and this judgment must be based solely on the
written instrument or instruments relied on. It has, however, subject to certain well
defined limitations, been not infrequently held that it may be a matter for the jury
as to whether such written promise is to be applied to a debt not in terms named and
that to enable the jury to so decide parol evidence is, under some circumstances and
subject to well defined rules, admissible. . . . The rule obtained in many
jurisdictions is that if there is a written promise to pay a barred debt generally
without identifying it and it appears that there is more than one debt owing the party
to whom such general promise is made, the writing is ineffectual to relieve the bar
of the statute as to any of the debts.


Cotulla v. Urbahn, 104 Tex. 208, 214-15 (1911) (emphasis added); see also, 1 H.G. Wood,
Limitation of Actions, § 93 at 475-76.

 In a decision reversing a summary judgment, the supreme court stated as follows:


The record as a whole shows that there is an issue of fact as to whether the 1978
letter is a sufficient acknowledgment, or new promise to pay, by MMP, Ltd. 
Because there is a genuine issue of material fact, summary judgment was not proper
. . . .


MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). The opinion does not state what the
disputed fact issue was, concerning the purported acknowledgment, but we do not understand the
opinion to mean that the sufficiency of an alleged acknowledgment is always a question of fact,
so as to disapprove by implication the language in Cotulla. 
8. The note evidencing the debt authorized recovery of attorney's fees and collection costs. 
The trial court's findings of fact include a finding that "Fairfield incurred and is entitled to
recover reasonable and necessary attorney's fees in the prosecution of this lawsuit of $10,058.00."
9. As indicated previously in our opinion, Fairfield did plead that the Murphys "acknowledged
the Debt and Liens . . . in writing, by a letter from the Murphys to Patrick Coyne, their loan
officer at Fairfield, dated September 2, 1998." A true copy of the letter was attached as an
exhibit to Fairfield's counterclaim. See Hanley, 171 S.W.2d at 866.



o reason why the six-year period of section 3.118 does not govern if
only one statute may apply to both a suit to enforce the note and a suit to foreclose a lien that
secures the note.
5. The State Bar Committee Comments under section 3.118 include the following:


 With respect to actions on instruments covered by this Act, the statute of
limitations provisions of section 3.118 should be interpreted to supersede, because
of their particularity, any conflicting statute of limitations of general applicability
under Texas law. See, e.g., Tex. Civ. Prac. & Rem. Code Ann. §§ 16.003, 16.004
(Vernon 1986).


. . . .


 During the initial years after the enactment of section 3.118, courts should
look to existing Texas case law that arose after the change in the two-year
limitations period to a four-year limitations period for oral debts for guidance on
when to apply section 3.118 to negotiable instruments that predated the effective
date. These cases generally provide that if the shorter limitations period had not
run on the effective date of the new act, the longer limitations period applied
because the defense of limitations would not become a vested right until the
limitations period had actually run. See, e.g., National Mar-Kit, Inc. v. Forrest,
687 S.W.2d 457, 460 (Tex. App.--Houston [14th Dist.] 1985, no writ).


Tex. Bus. & Com. Code Ann. § 3.118 cmt. (West Supp. 2000) (emphasis added).
6. § 16.065. Acknowledgment of Claim


An acknowledgment of the justness of a claim that appears to be barred by
limitations is not admissible in evidence to defeat the law of limitations if made after
the time that the claim is due unless the acknowledgment is in writing and is signed
by the party to be charged.


Tex. Civ. Prac. & Rem. Code Ann. § 16.065 (West 1997).
7. We believe the correct view is that expressed in Cotulla v. Urbahn, as follows:


As to whether a given instrument or any number of instruments contain such
promise as will relieve the bar of the statute [of limitations] is, it seems a matter of
law to be determined by the court and this judgment must be based solely on the
written instrument or instruments relied on. It has, however, subject to certain well
defined limitations, been not infrequently held that it may be a matter for the jury
as to whether such written promise is to be applied to a debt not in terms named and
that to enable the jury to so decide parol evidence is, under some circumstances and
subject to well defined rules, admissible. . . . The rule obtained in many
jurisdictions is that if there is a written promise to pay a barred debt generally
without identifying it and it appears that there is more than one debt owing the party
to whom such general promise is made, the writing is ineffectual to relieve the bar
of the statute as to any of the debts.


Cotulla v. Urbahn, 104 Tex. 208, 214-15 (1911) (emphasis added); see also, 1 H.G. Wood,
Limitation of Actions, § 93 at 475-76.

 In a decision reversing a summary judgment, the supreme court stated as follows: