# IN THE SUPREME COURT OF TEXAS

═══════════

No. 17-0033

═══════════

BRIAN DEROECK, MELINDA YOUNG, AND KATHRYN BOYKIN,
CO-TRUSTEES OF THE WALTER A. DEROECK QTIP TRUST,
ASSIGNEE OF TEXAS CAPITAL BANK NATIONAL ASSOCIATION, PETITIONERS,

v.

DHM VENTURES, LLC, JAMES W. MORITZ,
AND NATHAN W. HALSEY, RESPONDENTS

═══════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

═══════════════════════════════════════════

**PER CURIAM**

The court of appeals held that a cause of action for acknowledgment of a debt must be "specifically and clearly" pleaded "in plain and emphatic terms."[1] Because this holding conflicts with Rule 47(a) of the Texas Rules of Civil Procedure, which provides that a pleading is "sufficient"

---

[1] No. 03-15-00713-CV, 2016 WL 4270000, at *2 (Tex. App.—Austin Aug. 9, 2016) (mem. op.) (citing *Siegel v. McGavock Drilling Co.*, 530 S.W.2d 894, 896 (Tex. Civ. App.—Amarillo 1975, writ ref'd n.r.e.) ("[T]o recover on the new promise to pay embraced in the acknowledgment of the previous debt, the new promise to pay must be specifically pleaded as the cause of action in order to avoid the pleaded bar of limitation to the original debt."), and *Canon v. Stanley*, 100 S.W.2d 377, 378 (Tex. Civ. App.—El Paso 1936, no writ) ("While the original cause of action should be set out as constituting the consideration for the new promise, the suit being upon the subsequent promise it should be alleged in plain and emphatic terms.")).

if it "give[s] fair notice of the claim involved,"[2] we reverse and remand the case to the court of appeals for further proceedings.

DHM Ventures, LLC borrowed $8.5 million for a real estate investment as evidenced by a promissory note secured by a deed of trust and guaranteed by two of its principals, James Moritz and Nathan Halsey. After the note matured on its second anniversary, it was acquired by the Walter A. DeRoeck QTIP Trust (the "Trust"). DHM continued to make principal and interest payments for more than four years, then stopped in December 2013, still owing $7 million in principal and more than $58,000 in interest. The Trust's trustees[3] sued DHM, Moritz, and Halsey (collectively, the "defendants") seven months later.

Both sides moved for summary judgment. The defendants argued that the Trust's claims were barred by the four-year statute of limitations.[4] In its response, the Trust stated that "to the extent necessary and to simply avoid any limitations defense asserted by Defendants, Plaintiffs' summary judgment evidence shows that DHM and Halsey and Moritz each acknowledged the original debt evidenced by the Note up until December 2013 on multiple occasions." The Trust made a similar statement in an amended petition filed contemporaneously with the response. In both the amended petition and the response, the statement was in a section captioned "Avoidance of Defendants' Limitations Defense" that also described in detail the attached evidence supporting the

---

[2] TEX. R. CIV. P. 47(a).

[3] The co-trustees are Brian DeRoeck, Melinda Young, and Kathryn Boykin.

[4] TEX. CIV. PRAC. & REM. CODE § 16.004(a) ("A person must bring suit on the following actions not later than four years after the day the cause of action accrues: . . . (3) debt . . . .").

Trust's assertion of acknowledgment. That section of the amended petition concluded: "For purposes of this avoidance pleading, the effect of these numerous acknowledgments is to create a new promise to pay the old debt evidenced by the Note and the loan documents." The section in the response added: "Such an acknowledgment of the old debt gives rise to a new claim separate from the old debt, and the moral obligation to pay is sufficient consideration for the new promise." But the amended petition, like the original petition, contained a section captioned "Causes of Action" that stated claims on the note and guaranties but not on the asserted acknowledgment. And the prayer of the amended petition sought judgment for "[t]he unpaid principal balance and accrued interest and other sums due to [the Trust] under the terms of the Note and [guaranties]" without mentioning the asserted acknowledgment.

In reply to the Trust's response to their motion for summary judgment, the defendants argued that the Trust had not properly pleaded acknowledgment and had not produced evidence to support such a claim or its claims on the note and guaranties. The trial court denied the Trust's motion and granted the defendants' motion without stating the grounds. The court of appeals affirmed the summary judgment, concluding that while the Trust had raised acknowledgment in response to defendants' motion for summary judgment, it had failed to plead acknowledgment as a cause of action because it had not done so "specifically and clearly" and in "plain and emphatic terms."[5]

A suit on a debt is separate from a suit on a later written acknowledgment of the debt, and the latter is not barred by limitations merely because the former is. We have held that an acknowledgment must "1) be in writing and signed by the party to be charged; 2) contain an

---

[5] 2016 WL 4270000, at *2–3.

unequivocal acknowledgment of the justness or the existence of the particular obligation; and 3) refer to the obligation and express a willingness to honor that obligation."[6] A claim of acknowledgment does not always require an explicit promise to pay. "[I]f the writing acknowledges the justness of the claim, the acknowledgment imports (1) an admission that the claim is a subsisting debt and (2) a promise to pay it, if unaccompanied by any circumstances repelling the presumption of willingness or intention to pay."[7] The acknowledgment can come before or after suit on the original debt is barred by limitations.[8] A pleading of acknowledgment must be made "upon the new promise" and "must declare upon it as [the] cause of action, in order to avoid respondents' plea of limitation."[9] "The correct practice is either (1) to quote the writing alleged to constitute the new promise, or (2) to attach it to the pleading as an exhibit."[10]

Rule 47 requires that "[a]n original pleading which sets forth a claim for relief . . . shall contain . . . a short statement of the cause of action sufficient to give fair notice of the claim involved . . . ."[11] There is no exception for a pleading of acknowledgment. "A petition is sufficient

---

[6] *Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002); *see also* TEX. CIV. PRAC. & REM. CODE § 16.065 ("An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged.").

[7] *Hanley v. Oil Capital Broad. Ass'n*, 171 S.W.2d 864, 865 (Tex. 1943).

[8] *Cain v. Bonner*, 194 S.W. 1098, 1098 (Tex. 1917).

[9] *Hanley*, 171 S.W.2d at 866.

[10] *Id.*

[11] TEX. R. CIV. P. 47.

4

if it gives fair and adequate notice of the facts upon which the pleader bases his claim."[12] The key inquiry is whether the opposing party "can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant."[13]

In *Hanley v. Oil Capital Broadcasting Ass'n*, Hanley claimed he had sufficiently pleaded an acknowledgment cause of action.[14] He alleged in his petition that he performed services for Oil Capital and that Oil Capital had agreed to pay the fees.[15] Oil Capital had never before complained of the fees and had acknowledged the validity of the debt in letters saying it would make payment soon.[16] Hanley argued he could base his theory of acknowledgment on the admission in this letter.[17] Hanley never used the word "acknowledgment" in his petition.[18] We held "this was a sufficient notice to the respondents that Hanley intended to rely on the letters as a new promise in order to avoid the operation of the statute and that no further allegation in that regard was necessary."[19] "Moreover," we said, "any other holding would be contrary to both the letter and the spirit of Rule No. 47, Texas Rules of Civil Procedure."[20]

---

[12] *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)).

[13] *Id.* at 896.

[14] 171 S.W.2d at 865.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* at 866.

[19] *Id.*

[20] *Id.*

In the present case, the Trust's amended petition used the word "acknowledgment[]," unlike the petition in *Hanley*. The amended petition also detailed the evidence on which the Trust relied for its contention that the defendants had acknowledged their debt within four years of the Trust's filing suit. That evidence, attached as exhibits as *Hanley* instructs (though that might not have been necessary), included emails, checks, bank statements, and tax returns. The petition summarized:

> Defendants each specifically acknowledged the debt evidenced by the Note and related loan documents. Further, they show a willingness to pay the Note. Also, the exhibits make reference to and acknowledge the obligation evidenced by the Note and the amount owed is susceptible of ready ascertainment. For purposes of this avoidance pleading, the effect of these numerous acknowledgments is to create a new promise to pay the old debt evidenced by the Note and the loan documents.

Defendants argue that the assertion of acknowledgment and detailing of supporting evidence did not properly plead a claim because they were in a section of the amended petition captioned "Avoidance of Defendants' Limitations Defense." But "avoidance" merely characterized the function of an acknowledgment claim and did not suggest that no claim was being asserted. The "avoidance" was not to defeat the limitations defense to the suit on the original debt. That suit was still barred. The "avoidance" was the statement of a separate claim not barred by limitations—the only point of asserting acknowledgment.

Defendants also argue that the Trust's failure to list acknowledgment in the "Causes of Action" section and in the prayer of its amended petition show that it did not intend to plead acknowledgment as a cause of action. But neither failure kept the amended petition from being "sufficient to give fair notice"—Rule 47's standard—that the Trust was asserting a claim on the

6

defendants' acknowledgment. As we have held, pleading facts sufficient to put an opponent on notice of a claim is sufficient, even if the claim is never actually named.[21]

The Trust's amended petition was fair notice to the defendants of its claim on their acknowledgment and thus satisfied Rule 47. The court of appeals erred in requiring a higher standard. We therefore grant the Trust's petition for review, and without hearing oral argument,[22] reverse the court of appeals' judgment and remand the case to that court to consider the parties' other arguments on appeal.

Opinion delivered: June 22, 2018

---

[21] *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 616–17 (Tex. 2004) (facts pleaded were enough to alert the opposing party that a discrimination claim was being brought despite the absence of the word "discrimination" in the pleading); *Steves Sash & Door Co. v. Ceco Corp.*, 751 S.W.2d 473, 476 (Tex. 1988) (the factual allegations in the pleading should have alerted the defendant of the plaintiff's claims regardless of the plaintiff's failure to specifically mention the cause of action).

[22] *See* TEX. R. APP. P. 59.1.