**Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion filed April 27, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00340-CV

---

## RODGER MULLEY, Appellant

## V.

## TEXAS CAPITAL HOLDINGS, LLC, Appellee

---

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2020-38138**

---

## MEMORANDUM OPINION

Roger Mulley filed suit against Texas Capital Holdings, LLC to collect on a promissory note. Texas Capital Holdings filed a motion for summary judgment, which the trial court granted on the basis that both of Mulley's claims were time-barred, rendering judgment final. This case turns on whether the note is a negotiable instrument that includes a "sum certain." If not, then it is subject to a four-year statute of limitations, and Mulley's claim is time-barred. If the note is negotiable, then it is

subject to a six-year statute of limitations, and the claim is not time-barred. The amount of the note is identified with words and numerals that are in conflict, so Texas Capital Holdings moved for summary judgment on the basis that the note is non-negotiable because it is not a promise to pay a sum certain. We conclude the note is negotiable because "words prevail over numbers."

## *Background*

In November 2014, Texas Capital Holdings executed a "Twelve Month Promissory Note" in favor of Equity Trust Company Custodian Roger Wong Mulley. The note described the principal amount of the loan as follows: "One Hundred Thousand and 00/100 Dollars ($  325,000  ) . . . ." Mulley filed this lawsuit in June 2020, alleging that Texas Capital Holdings defaulted on the note in December 2015 and made material misrepresentations that fraudulently induced Mulley into entering the aforementioned promissory note.

Texas Capital Holdings filed a traditional motion for summary judgment, seeking dismissal on the basis that both of Mulley's claims were time-barred under a four-year statute of limitations.[1] In response, Mulley argued that a six-year statute applies because the lawsuit is an action to enforce the obligation to pay a note payable at a definite time and that Texas Capital Holdings revived the debt.[2] Texas Capital Holdings replied that the six-year statute does not apply because the note "does not represent a sum certain and cannot be considered a negotiable instrument." The trial court granted the motion for summary judgment and rendered a

---

[1] Tex. Civ. Prac. & Rem. Code § 16.004(a) (applying four-year limitations period to actions on a debt).

[2] Tex. Bus. & Com. Code § 3.118(a) ("[A]n action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date.").

2

take-nothing final judgment on Mulley's claims.

## *Discussion*

Mulley brings four issues on appeal challenging the trial court's grant of summary judgment, alleging that (1) the note is a negotiable instrument subject to a six-year statute of limitations; (2) appellee acknowledged the debt during an email conversation; (3) appellee's affirmative defense was improper; and (4) the trial court erred in refusing to grant a continuance for further discovery.

We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional motion for summary judgment, a movant must establish "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tex. R. Civ. P. 166a(c). A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. Tex. R. Civ. P. 94; *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). The defendant/movant must prove when the claim accrued and, if the plaintiff pleads the discovery rule, then the defendant/movant must conclusively negate it.[3] *See KPMG Peat Marwick*, 988 S.W.2d at 748. If the defendant/movant establishes that the statute of limitations bars the action, then the burden shifts, and the plaintiff/nonmovant must adduce summary-judgment proof raising a fact issue in avoidance of the statute of limitations. *Id*.

## I.    Negotiable Instrument

In his first issue, Mulley contends that the note is properly classified as a negotiable instrument subject to a six-year, not four-year, statute of limitations.

---

[3] Mulley has not pleaded the discovery rule.

Therefore, we first address whether the note is a negotiable instrument that includes a "sum certain."

A negotiable instrument is "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order," upon demand or at a definite time and is payable to order or to bearer. Tex. Bus. & Com. Code § 3.104(a). The sum-certain requirement is designed to provide commercial certainty in the transfer of negotiable instruments and to make negotiable instruments the functional equivalent of money. *Amberboy v. Societe de Banque Privee*, 831 S.W.2d 793, 797 (Tex. 1992); *Wiggins v. Janousek*, No. 14–16–00801–CV, 2017 WL 3301395, at *3 (Tex. App.—Houston [14th Dist.] Aug. 3, 2017, no pet.) (mem. op.). This requirement is not satisfied if "one cannot determine from the face of [the] note the extent of the maker's liability." *FFP Mktg. Co. v. Long Lane Master Tr., IV*, 169 S.W.3d 402, 408 (Tex. App.—Fort Worth 2005, no pet.). The sum-certain requirement applies only to the note's principal. Tex. Bus. & Com. Code § 3.112 cmt. 1; *see also Wiggins*, 2017 WL 3301395, at *3.

Texas law anticipates internal contradictions in both negotiable and non-negotiable instruments and provides for the resolution of those contradictions. *Charles R. Tips Family Tr. v. PB Commercial LLC*, 459 S.W.3d 147, 153 (Tex. App.—Houston [1st Dist.] 2015, no pet.). Under the Uniform Commercial Code, which governs negotiable instruments such as the note, "[i]f an instrument contains contradictory terms, typewritten terms prevail over printed terms, handwritten terms prevail over both, and words prevail over numbers."[4] Tex. Bus. & Com. Code §

---

[4] The note states it is to be governed and construed according to California law. However, both parties cited Texas law below, and Mulley cites Texas law on appeal. Texas Capital Holdings did not file an appellate brief. Regardless, California has also adopted this section of the UCC. *See* Cal. Com. Code § 3114 ("If an instrument contains contradictory terms, typewritten terms prevail over printed terms, handwritten terms prevail over both, and words prevail over numbers."). Also, limitations periods generally are procedural, so "[i]f the action is barred by the statute of limitations of the forum court in which the lawsuit is pending, no action can be maintained even if the action

3.114; *Charles R. Tips Family Tr.*, 459 S.W.3d at 153. "It is well settled that unambiguous written words prevail over arithmetic numbers in promissory notes." *Charles R. Tips Family Tr.*, 459 S.W.3d at 153 (citing cases).

The rule that written words prevail over numbers applies to the note. *See id.* (citing Tex. Bus. & Com. Code § 3.114). It does not matter that the discrepancy between the words and the numerals is large. *See id.* Here, the words "One Hundred Thousand and 00/100 Dollars" control over the numerals $325,000. *See id.* Accordingly, the note includes a sum certain.

Below, Texas Capital Holdings relied on two cases involving notes that are distinguishable from the note presented here. The first case involved a note that was not a negotiable instrument because it was a revolving line of credit and thus did not include an unconditional promise to pay a sum certain or a fixed amount. *Bank of Am., N.A. v. Alta Logistics, Inc.*, No. 05–13–01633–CV, 2015 WL 505373, at *3 (Tex. App.—Dallas Feb. 6, 2015, no pet.) (mem. op.). The second case involved a note from which "the date of cash advance [could] not easily be determined" and the amount of interest could not be determined because it "accrue[d] on the unknown cash-advance date." *Wiggins*, 2017 WL 3301395, at *4. Neither of those scenarios apply here. The only dispute here involves a conflict between the words and numerals, which is resolved by statute.

We note, however, that Mulley has pleaded that he holds a note for $325,000. He has also briefed that he holds a note for $325,000, claiming a scrivener's error. Applying the well-settled interpretive rule that "words prevail over numbers," the note held by Mulley is for $100,000 and not the higher amount of $325,000. To hold otherwise would contradict Mulley's argument that the note is a negotiable

---

is not barred in the state where the cause of action arose." *Hollander v. Capon*, 853 S.W.2d 723, 727 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

instrument that includes a "sum certain."[5]

Because we conclude the note includes a sum certain, it is a negotiable instrument, and the six-year statute of limitations applies. *See* Tex. Bus. & Com. Code § 3.118(a). Accordingly, the trial court erred in rendering summary judgment in favor of Texas Capital Holdings. We sustain Mulley's first issue and turn to Mulley's second issue that Texas Capital Holdings acknowledged the debt during an email conversation in April 2020.

## II.    Acknowledgment of Debt

In his second issue, Mulley contends that the evidence presented conclusively demonstrated that Texas Capital Holdings acknowledged the debt during an email conversation in April 2020. A suit on a debt is separate from a suit on a later written acknowledgment of the debt, and the latter is not barred by limitations merely because the former is. *DeRoeck v. DHM Ventures, LLC*, 556 S.W.3d 831, 834 (Tex. 2018). The Texas Supreme Court has held that an acknowledgment must "1) be in writing and signed by the party to be charged; 2) contain an unequivocal acknowledgment of the justness or the existence of the particular obligation; and 3) refer to the obligation and express a willingness to honor that obligation." *Id.* (quoting *Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002)); *see also* Tex. Civ. Prac. & Rem. Code §16.065 ("An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is

---

[5] "It does not matter that the discrepancy between the words and numbers here is a large one. Neither Section 3.114 nor Texas law makes a distinction on the basis of the size of the obligation or the significance of the conflict in terms." *Charles R. Tips Family Tr.*, 459 S.W.3d at 154. On the appellate record before us, neither party brought an action to reform the instrument within four years, so no issue of equitable relief has been presented in this appeal. *See CA Partners v. Spears*, 274 S.W.3d 51, 60 n.4 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (reformation is subject to the four-year statute of limitations).

6

in writing and is signed by the party to be charged.").

A claim of acknowledgment does not always require an explicit promise to pay. *DeRoeck*, 556 S.W.3d at 834. "[I]f the writing acknowledges the justness of the claim, the acknowledgment imports (1) an admission that the claim is a subsisting debt and (2) a promise to pay it, if unaccompanied by any circumstances repelling the presumption of willingness or intention to pay." *Hanley v. Oil Capital Broad. Ass'n*, 171 S.W.2d 864, 865 (1943). The acknowledgment can come before or after suit on the original debt is barred by limitations. *Cain v. Bonner*, 194 S.W. 1098, 1098 (1917). A pleading of acknowledgment must be made "upon the new promise" and "must declare upon it as [the] cause of action, in order to avoid respondents' plea of limitation." *Hanley*, 171 S.W.2d at 866. "The correct practice is either (1) to quote the writing alleged to constitute the new promise, or (2) to attach it to the pleading as an exhibit." *Id.*

Rule 47 requires that "[a]n original pleading which sets forth a claim for relief . . . shall contain . . . a short statement of the cause of action sufficient to give fair notice of the claim involved . . . ." Tex. R. Civ. P. 47(a). There is no exception for a pleading of acknowledgment. *DeRoeck*, 556 S.W.3d at 835.

Here, Mulley filed this lawsuit alleging that Texas Capital Holdings defaulted on the note in December 2015 and made material misrepresentations that fraudulently induced Mulley into entering the aforementioned promissory note. On the appellate record before us, there is no evidence that Mulley amended or otherwise supplemented his pleadings to include a claim for an acknowledgment "upon the new promise" purportedly made by Texas Capital Holdings in the April 2020 email correspondence. Therefore, Mulley cannot raise this issue for the first time on appeal. Tex. R. App. P. 33.1. Accordingly, we overrule Mulley's second issue and address his third issue.

### III. Improper Affirmative Defense

In his third issue, Mulley contends that Texas Capital Holdings did not plead its affirmative defense of statute of limitations with adequate specificity.

A party that relies on an affirmative defense must specifically plead the defense, and, when the rules of civil procedure require, must verify the pleading by affidavit. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991). A properly pled affirmative defense, when supported by uncontroverted summary judgment evidence, may serve as a basis for summary judgment. *Id.*; *Johnston v. McKinney Am., Inc.*, 9 S.W.3d 271, 280 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). Even an unpled affirmative defense may serve as the basis for summary judgment when it is raised in the motion for summary judgment if the opposing party does not object to the lack of pleading either in a written response to the motion for summary judgment or before the rendition of judgment. *Roark*, 813 S.W.2d at 494. Unpled claims or defenses that are tried by express or implied consent of the parties are treated as if they had been raised by the pleadings. *Id.* at 495. A party who allows an issue to be tried by consent and who fails to raise the lack of a pleading before submission of the case cannot later raise the pleading deficiency for the first time on appeal. Tex. R. Civ. P. 67.

Whether the affirmative defense is pled or unpled, the defendant must conclusively establish all of the essential elements of the affirmative defense to be entitled to summary judgment. *Roark*, 813 S.W.2d at 495. A party asserting a limitations defense must allege it in its answer to the plaintiff's pleadings. Tex. R. Civ. P. 94. Statute of limitations is an affirmative defense that must be pled by a defendant or it is waived. *Id.*; *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155 (Tex. 2015).

In this case, Mulley pleaded two causes of action in his petition—default and

fraudulent inducement. In response, Texas Capital Holdings filed an amended answer asserting that "[Mulley's] claims are barred by the applicable statute of limitations." As explained above, the note is a negotiable instrument, and the six-year statute of limitations applies. *See* Tex. Bus. & Com. Code § 3.118(a). Therefore, the trial court abused its discretion in granting summary judgment on Mulley's first claim. On the other hand, Mulley's fraudulent inducement claim is governed by a four-year-statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.004(a)(4). Because Mulley alleged that Texas Capital Holdings made material misrepresentations regarding the note dated November 24, 2014, and has not pleaded the discovery rule, the fraudulent inducement claim is barred by the statute of limitations.

Concluding that Texas Capital Holdings properly pleaded its affirmative defense of statute of limitations as to Mulley's fraudulent inducement claim, we sustain Mulley's third issue as to the default claim only. Because we concluded that the note is a negotiable instrument, and the six-year statute of limitations applies, whether the trial court erred in failing to grant a continuance for further discovery is not dispositive. *See* Tex. R. App. 47.1.

### *Conclusion*

Having sustained in whole or in part, Mulley's first and third issues, we reverse the judgment and remand the case to the trial court for further proceedings limited to the trial court's grant of summary judgment on Mulley's default claim.


/s/    Frances Bourliot
Justice


Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.

9