**Opinion issued June 8, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00452-CV

———————————

**VALERIE HALL, INDIVIDUALLY AND A/N/F OF J.K., A MINOR, AND CHRISTOPHER HALL, Appellants**

**V.**

**CITY OF JERSEY VILLAGE, Appellee[1]**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-19671**

---

---

[1]   The underlying case is *Valerie Hall, Individually and as next friend of J.K., a minor, and Christopher Hall v. Backyard Investments, Ltd d/b/a The Backyard Grill, Terry R. Thomas, and City of Jersey Village*, No. 2022-19671, in the 80th District Court of Harris County, Texas. In this interlocutory appeal, the only appellee is the City of Jersey Village.

## MEMORANDUM OPINION

Appellant Valerie Hall was injured when a golf ball allegedly hit by Terry Thomas struck her forehead while she was working at a restaurant on the premises of a golf course. Hall and her husband sued the restaurant, Thomas, and the City of Jersey Village ("the City"), which owns the golf course, for negligence. The City filed a plea to the jurisdiction, asserting governmental immunity, which the trial court granted.

On appeal, the appellants argue that the trial court erred by granting the plea to the jurisdiction because the City did not conclusively prove that their claims were barred by sovereign immunity and because the court should have afforded them the opportunity to replead and to conduct discovery regarding jurisdictional facts.

Because we agree that the appellants are entitled to an opportunity to replead and that the City did not conclusively show that the trial court lacks jurisdiction, we reverse the trial court's order granting the City's plea to the jurisdiction, and we remand this case to the trial court for further proceedings in accordance with this opinion.

## Background

Valerie Hall worked as a manager of The Backyard Grill, a snack bar and restaurant on the premises of the Jersey Meadows Golf Course, which is owned by

the City of Jersey Village. Hall alleged that while she was "stocking and/or operating the rolling beverage cart . . . an errant golf ball hit by . . . Terry R. Thomas . . . struck her directly in her forehead." Hall further alleged that Thomas "was either acting within the course and scope of his employment with Jersey Meadows Golf Course involving his operation and use of a motorized golf cart and golf clubs or was acting on his own at the time of the injury."

Hall sued Backyard Investments, Ltd d/b/a The Backyard Grill, Thomas, and the City for negligence.[2] Hall pleaded that the trial court had jurisdiction under the Texas Tort Claims Act because: "This claim, as set out more fully below, involves personal injury caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Hall further alleged that no exception to the waiver of

---

[2]     Hall alleged that The Backyard Grill was negligent in the following ways:

1.     Failing to provide a safe workplace;
2.     Failing to provide adequate safety policies and practices;
3.     Failing to follow adequate safety policies and practices;
4.     Failing to provide proper assistance and training;
5.     Failing to provide proper safety equipment;
6.     Failing to provide properly trained supervisors and/or directors;
7.     Requiring Plaintiff to perform tasks under conditions as stated above; and
8.     Negligence in general.

Hall alleged that Thomas was negligent in the following ways:

1.     Failing to exercise caution;
2.     Failing to provide warning; and
3.     Negligence in general.

immunity applied and that she was not required to give the City written notice of her claim because the City had actual notice through its golf course employees and the significant events report that was created shortly after the incident.

Hall alleged that the City was negligent in the following ways:

1. Failing to properly maintain said property in a reasonable manner;
2. Failing to properly maintain said property in a safe manner;
3. Failing to exercise caution;
4. Failing to provide [a] warning;
5. Maintaining said property in a reckless and careless manner; and
6. Negligence in general.

Hall sought compensatory damages for past and future medical expenses, loss of earning capacity, pain, impairment, and disfigurement. Her husband and son sought loss of consortium damages and damages for lost household services.

The City answered with a general denial and assertions of governmental immunity, contributory negligence, and comparative fault. The City simultaneously filed its plea to the jurisdiction. The City argued that the appellants' factual allegations do not state a plausible premises liability claim under the Tort Claims Act[3] and that the jurisdictional evidence conclusively proves that Thomas was not acting the course and scope of his employment with the City at the time of Hall's alleged injury. As jurisdictional evidence, the City provided a declaration

---

[3] The City provided no further argument about this asserted ground for dismissal in its plea to the jurisdiction.

4

from Matt Jones, the Head of Golf Operations, along with several pages of golf course employee work schedules and Thomas's time entry history. Jones declared:

> On May 1, 2020, the date of the accident made the basis of this lawsuit, Terry Thomas was not playing golf in his capacity as a city employee when his errant golf shot hit Valerie Hall. He was not scheduled to work that day (May 1, 2020) and was not compensated for any time that day.

The time entry history shows a start date of May 1, 2020, and an end date of May 30, 2020, and there is no time entry for May 1, 2020. The time entry history also shows Thomas's position as "cart attendant" and that he is a "regular hourly" employee. Based on this evidence, the City argued that Thomas was not within the course and scope of his employment when he made the errant golf shot that allegedly hit Hall, and therefore the negligence of Thomas, if any, could not be attributed to the City.

In response, the appellants contended that the City's argument about their alleged premises liability claim is an assertion of pleading insufficiency, for which they were entitled to an opportunity to replead. The appellants also argued that the City failed to produce evidence that conclusively proved that Thomas was not acting within the course and scope of his employment at the time of the incident. The appellants called the Jones declaration conclusory and asserted that because the City's evidence did not supply the facts relevant to a course-and-scope inquiry, the City did not carry its burden on the plea to the jurisdiction.

5

Finally, the appellants noted that they had not yet had an opportunity to conduct discovery. The appellants' original petition was filed March 31, 2022, and the City's plea to the jurisdiction was filed April 29, 2022, with its original answer. The plea to the jurisdiction was set for submission without an oral hearing on May 16, 2022. The appellants insisted that this was premature: Thomas had not yet answered or made an appearance in the case, and the appellants had not had an opportunity to conduct discovery. The appellants asked for an opportunity to conduct limited jurisdictional discovery, including deposing Thomas about the details of his employment by and duties as an employee of the City of Jersey Village.

The City filed a reply arguing that the appellants' original petition was incurably defective because "no amount of re-pleading can turn Mr. Thomas's golf swing into a premises defect," and inviting the trial court to "take judicial notice of the fact that an errantly hit golf ball is not a premises defect." The City also reurged that it had conclusively proved that Thomas was not a City employee at the time of the incident. As to the appellants' request to conduct discovery on jurisdictional facts, the City asserted that they were "not entitled to do unlimited discovery in anticipation of the Court's ruling on the face of the pleadings."

The appellants filed a sur-reply brief accusing the City of "blatant misrepresentation" and again asserting that it sought limited discovery into the

details of Thomas's employment that form the basis for the City's jurisdictional argument.

The trial court granted the plea to the jurisdiction, and Hall and her husband appealed.

**Analysis**

On appeal, the appellants raise three issues challenging the trial court's order granting the plea to the jurisdiction. First, the appellants maintain that because the City challenged only the sufficiency of the premises-liability pleading, the trial court should have given them an opportunity to replead before dismissing their claims with prejudice. Second, the appellants maintain that the City did not conclusively prove Thomas was not in the course and scope of his employment when he hit the golf ball, and therefore the City did not conclusively prove that the appellants' negligent activity claim was barred by governmental immunity. Third, the appellants assert that the trial court abused its discretion by implicitly denying the appellants an opportunity to conduct limited discovery regarding the jurisdictional facts argued by the City.

## I. Plea to the jurisdiction

A party may challenge a trial court's subject matter jurisdiction by filing a plea to the jurisdiction, which we review de novo. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019) (citing *Tex. Dep't of*

7

*Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). Ordinarily a plea to the jurisdiction challenges the plaintiff's pleadings, asserting that the alleged facts do not affirmatively demonstrate the court's jurisdiction. *See Mission Consol. Indep. Sch. Dist. v. Garcia ("Mission Consol. II")*, 372 S.W.3d 629, 635 (Tex. 2012). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226. In doing so, we "construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Id.* "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id.* at 226–27. But if the pleadings "affirmatively negate the existence of jurisdiction," then the court may grant the plea to the jurisdiction without giving the plaintiffs an opportunity to amend. *Id.* at 227.

A plea to the jurisdiction may also challenge the existence of jurisdictional facts or implicate the merits of the plaintiff's cause of action. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770–71 (Tex. 2018). When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must "consider relevant evidence submitted by the parties" as necessary to resolve the

jurisdictional issues raised. *Miranda*, 133 S.W.3d at 227. In this situation, the trial court has discretion to make the jurisdictional determination at a preliminary hearing or to wait until a fuller development of the case, "mindful that that this determination must be made as soon as practicable." *Id.* In some cases, "[s]ome tailored or limited discovery may be appropriate when an evidence-based jurisdiction challenge is asserted." *In re Hoa Hao Buddhist Congregational Church Tex. Chapter*, No. 01-14-00059-CV, 2014 WL 7335188, at *5 (Tex. App.—Houston [1st Dist.] Dec. 23, 2014, no pet.) (mem. op.); *see, e.g.*, *In re Congregation B'Nai Zion of El Paso*, 657 S.W.3d 578, 584–85 (Tex. App.—El Paso 2022, no pet.) (noting that jurisdictional discovery sought for purpose of responding to plea to jurisdiction must be limited to allow court to determine plea as soon as practicable); *Diocese of Galveston–Houston v. Stone*, 892 S.W.2d 169, 178 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding) (concluding that "discovery limited to ascertaining facts related to the jurisdictional plea" was proper in suit asserting claims arising from termination of teacher's employment with diocese).

A trial court's review of a plea to the jurisdiction that challenges jurisdictional facts "mirrors that of a traditional summary judgment motion." *Mission Consol. II*, 372 S.W.3d at 635. We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts

in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228. Initially, a plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction, which includes the burden of establishing a waiver of a governmental entity's immunity from suit. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). The defendant challenging jurisdiction then "carries the burden to meet the summary judgment proof standard for its assertion that the trial court lacks jurisdiction." *Mission Consol. II*, 372 S.W.3d at 635. If the defendant meets this burden, then, as in summary-judgment practice, the burden shifts to the plaintiff to show that a disputed material fact exists regarding the jurisdictional issue. *Id.* If the defendant fails to carry his burden or a fact issue exists, the trial court should deny the plea. *See id.* But if the relevant evidence is undisputed or the plaintiff fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id.*

## II. Governmental immunity

Governmental immunity, like sovereign immunity from which it is derived, exists to protect political subdivisions, such as cities, from suit and liability for monetary damages. *Mission Consol. Indep. Sch. Dist. v. Garcia (Mission Consol. I)*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008). Governmental immunity deprives a trial court of subject matter jurisdiction over lawsuits in which the State's political subdivisions have been sued unless immunity is waived by the Legislature. *Dohlen*

*v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022). "We interpret statutory waivers of immunity narrowly, as the Legislature's intent to waive immunity must be clear and unambiguous." *See Mission Consol. I*, 253 S.W.3d at 655 (citing TEX. GOV'T CODE § 311.034).

The Legislature has expressly waived immunity to the extent provided by the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.001–.109 (TTCA); *Mission Consol. I*, 253 S.W.3d at 655. The TTCA generally waives governmental immunity for:

> (1)   property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A)   the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B)   the employee would be personally liable to the claimant according to Texas law; and
>
> (2)   personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021.

## III.   The appellants' claims

In the trial court, the appellants pleaded alternative causes of action. They alleged that Thomas "was either acting within the course and scope of his

employment with Jersey Meadows Golf Course involving his operation and use of a motorized golf cart and golf clubs or was acting on his own at the time of the injury." These allegations implicate the immunity waiver in section 101.021(1), because the appellants alleged the use of motor-driven equipment. *See id.* The appellants also alleged that the City was negligent for failing to maintain its property in a safe and reasonable manner, failing to exercise caution and provide a warning, and in maintaining its property recklessly and carelessly. These allegations implicate the immunity waiver in section 101.021(2) because these allegations relate to a claim for premises liability. In addition, to the extent that the appellants alleged that Thomas's actions can be imputed to the City because he was an employee, the appellants' pleadings also implicate the immunity waiver in section 101.021(2) that arise when an injury is caused by a condition or use of tangible personal property. *See id.*

Based on the pleadings, we conclude that the appellants have attempted to allege a waiver of the City's immunity in three ways: (1) alleging an injury that arose from the use of a motor-driven vehicle (the golf cart); (2) premises liability; and (3) alleging an injury caused by a condition or use of tangible personal property (golf clubs). The TTCA imposes different standards of care upon a governmental unit for negligence claims based on "a condition or use of tangible personal property" and claims based on a "premises defect." *See Sampson v. Univ.*

12

*of Tex. at Aus.*, 500 S.W.3d 380, 385 (Tex. 2016) (citing TEX. CIV. PRAC. & REM. CODE §§ 101.021(2), 101.022(a)). A claim cannot be both a premises defect claim and a claim relating to a condition or use of tangible property. *See id.* at 385–86; *Miranda*, 133 S.W.3d at 233 ("The [TTCA's] scheme of a limited waiver of immunity from suit does not allow plaintiffs to circumvent the heightened standards of a premises defect claim contained in section 101.022 by re-casting the same acts as a claim relating to the negligent condition or use of tangible property.").

## IV. The trial court erred by granting the plea to the jurisdiction.

### A. The trial court erred by refusing to allow the appellants to replead their premises liability claim.

In their first issue, the appellants argue that the court erred by granting the City's plea to the jurisdiction as to their premises liability claim. The appellants maintain that the City's plea to the jurisdiction attacked only the sufficiency of their pleading. We agree.

"Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *accord Kinder Morgan SACROC, LP v. Scurry Cnty.*, 622 S.W.3d 835, 849 (Tex. 2021); *see* TEX. R. CIV. P. 47 (stating that pleading "shall contain . . . a short statement of the cause of action

sufficient to give fair notice of the claim involved"). To constitute fair notice, the pleading must include the essential factual allegations that support the claims for relief. *Kinder Morgan SACROC*, 622 S.W.3d at 849; *DeRoeck v. DHM Ventures, LLC*, 556 S.W.3d 831, 835 (Tex. 2018); *Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 897. Ordinarily, an opposing party challenging a pleading defect does so by filing a special exception. *See* TEX. R. CIV. P. 90; *Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 897.

Under section 101.022, when a claim arises from a premises defect, "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." TEX. CIV. PRAC. & REM. CODE § 101.022(a); *see State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006). "If the plaintiff pays for the use of the premises, the governmental unit owes the plaintiff the duty owed to an invitee." *Ogueri v. Tex. S. Univ.*, No. 01-10-00228-CV, 2011 WL 1233568, at *3 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet.) (mem. op.) (quoting *City of Irving v. Seppy*, 301 S.W.3d 435, 441 (Tex. App.—Dallas 2009, no pet.).

"To prevail in a premises-liability case, the invitee plaintiff must show that (1) the owner had actual or constructive knowledge of the condition at issue; (2) the condition was unreasonably dangerous; (3) the owner did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and (4) the

14

owner's failure to reduce or eliminate the unreasonable risk of harm proximately caused the plaintiff's injuries." *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 802 n.4 (Tex. 2022) (per curiam) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)). A landowner generally has no duty to warn invitees of "hazards that are open, obvious, or known to the invitee." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 204 (Tex. 2015).

The duty owed to a licensee "requires that 'a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not.'" *Sampson*, 500 S.W.3d at 391 (quoting *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)). Absent willful, wanton, or grossly negligent conduct, to prevail in a premises-liability case, the licensee plaintiff must show that: (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; (5) the owner's failure was a proximate cause of injury to the licensee. *Payne*, 838 S.W.2d at 237.

In this case, in its plea to the jurisdiction, the City challenged the lack of factual allegations to support a premises liability claim. The City provided no

jurisdictional evidence conclusively negating the waiver of immunity under a premises liability theory. We agree that the appellants' original petition does not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction whether the contention is that Hall was either an invitee or licensee. However, the lack of factual allegations does not support a conclusion that the pleading defect here is incurable. We therefore conclude that, as to any premises liability claim, the issue is pleading sufficiency, and the appellants should be afforded an opportunity to amend. *See Miranda*, 133 S.W.3d at 226. Because the trial court did not give the appellants an opportunity to amend, we sustain the first issue.

**B.    The court erred by granting the City's plea without allowing any jurisdictional discovery.**

In their second issue, the appellants argue that the City did not conclusively prove that Thomas was not acting as a City employee at the time of the incident. In their third issue, they argue that the trial court abused its discretion by refusing their request to conduct limited discovery regarding the jurisdictional facts alleged by the City.

Whether Thomas was acting as an employee or within the course and scope of his employment with the City at the time of the incident is relevant to two possibly alleged theories of liability and waiver of immunity: (1) that the injury arose from the use of a motor-driven vehicle, the golf cart, while Thomas was acting within the scope of his employment, *see* TEX. CIV. PRAC. & REM. CODE

16

§ 101.021(1)(A); and (2) that the injury was caused by the use of tangible personal property, a golf club, by Thomas, and the City is liable under a theory of respondeat superior. *See id.* § 101.021(2); *DeWitt v. Harris Cnty.*, 904 S.W.2d 650, 653 (Tex. 1995) ("There is no question that subsection 2 provides for governmental liability based on respondeat superior for the misuse by its employees of tangible personal property . . . . [I]t encompasses respondeat superior liability for the misuse of any tangible personal property, not just motor-driven vehicles or equipment.").

On appeal, the City argues that the appellants have waived any argument about the trial court's dismissal of any claim based on the use of a motor-driven vehicle by not specifically addressing it on appeal. We decline to find waiver because the appellants' second issue is broad enough to apply to a claim based on the use of a motor-driven vehicle, which requires the plaintiff to prove that the employee was acting within the course and scope of his employment. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ("Appellate briefs are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver.").

The TTCA defines "employee" in relevant part as "a person . . . who is in the paid service of a governmental unit . . . ." TEX. CIV. PRAC. & REM. CODE § 101.001(2). "Scope of employment" is "the performance for a governmental unit

17

of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id.* § 101.001(5). "In general, whether a person is acting within the scope of his employment depends on whether the general act from which an injury arose was in furtherance of the employer's business and for the accomplishment of the objective for which the employee was employed." *Lara v. City of Hempstead*, No. 01-15-00987-CV, 2016 WL 3964794, at *3 (Tex. App.—Houston [1st Dist.] July 21, 2016, pet. denied) (mem. op.) (quoting *City of Balch Springs v. Austin*, 315 S.W.3d 219, 225 (Tex. App.—Dallas 2010, no pet.) (citing *Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972))). The TTCA scope-of-employment analysis is "fundamentally objective: Is there a connection between the employee's job duties and the alleged tortious conduct?" *Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017). "In short, an employee is not acting within the scope of his duties unless the activity has some connection with, and is being undertaken in furtherance of, the employer's business." *City of Balch Springs*, 315 S.W.3d at 225.

Questions about whether an employee is acting within the scope of his duties often arise in the context of motor vehicle accidents involving a company vehicle being driven by an employee on a lunch break or before or after normal working hours. *E.g.*, *City of Houston v. Carrizales*, No. 01-20-00699-CV, 2021 WL

18

3556216, at *5 (Tex. App.—Houston [1st Dist.] Aug. 12, 2021, pet. denied) (mem. op.) (collecting cases); *Lara*, 2016 WL 3964794, at *3–5 (holding that off-duty officer was not acting in scope of employment because he was merely commuting to work at time of collision with plaintiff's vehicle); *City of Beaumont v. Stewart*, No. 09-12-00316-CV, 2012 WL 5364678, at *4 (Tex. App.—Beaumont Nov. 1, 2012, no pet.) (mem. op.) (collecting cases).

In *Lara*, the plaintiff sued for injuries to herself and her then-unborn child after a collision with a City-owned vehicle driven by the assistant police chief. 2016 WL 3964794, at *1. The City of Hempstead presented jurisdictional evidence as support for its plea to the jurisdiction:

> As support for its plea, Hempstead presented affidavits by Assistant Chief Christian and Hempstead Chief of Police D. Hartley, both of whom testified that Christian is primarily assigned to "office" duties, has no regular duties involving operation of a police vehicle, was off-duty at the time of the collision, was not being paid for his service at that time, had no official duties or assignments at that time, was driving to work, and would be considered on-duty only upon his arrival at work. Each also specifically testified that Hartley had expressly authorized Christian to use a police vehicle to commute to and from his work and that Hartley knew when he gave that authorization that Christian lived in Harris County. Hartley further testified that Hempstead's police department policies do not permit use of police vehicles outside the city of Hempstead unless the officer operating the vehicle is on official business or authorized by the chief to operate the vehicle outside city limits. According to Chief Hartley, had an officer operated a vehicle outside Hempstead's city limits while not on official business and without his authorization, such an action would mean that the officer was in violation of police department policy; it would not mean that the officer was on-duty or in service of the city at the time of the violation. Hartley testified that as it was,

19

Christian did have authorization to drive his official vehicle outside of Hempstead, but he was not on official business of the City when the accident occurred.

*Id.* We affirmed the trial court's grant of the plea to the jurisdiction because the plaintiff did not raise a question of fact regarding any waiver of immunity. *Id.* at *5.

We have held that whether a police officer is on duty was not dispositive because the question of whether he acted within the scope of his employment depended on whether there was a connection between his job duties and his allegedly tortious conduct. *City of Houston v. Lal*, 605 S.W.3d 645, 650 (Tex. App.—Houston [1st Dist.] 2020, no pet.). In *Lal*, an off-duty but on-call police officer veered into oncoming traffic after he was momentarily distracted by an incoming phone call. *Id.* at 647. Indulging every reasonable inference in favor of the plaintiff, we concluded that because the officer's phone was issued by the City and the officer was on call, "a factfinder could reasonably infer that [the officer] was obligated in his capacity as a peace officer employed by the City to answer incoming calls on this phone . . . ." *Id.* at 649. We held that the City "did not carry its burden to conclusively prove that the trial court lacked subject-matter jurisdiction." *Id.* at 650.

In this case, the City of Jersey Village presented three documents in support of its plea to the jurisdiction: (1) the Jones affidavit; (2) the work schedule for the

20

week including May 1, 2020; and (3) Thomas's time entry history for May 2020.

Jones's one-page affidavit stated:

> On May 1, 2020, the date of the accident made the basis of this lawsuit, Terry Thomas was not playing golf in his capacity as a city employee when his errant golf shot hit Valerie Hall. He was not scheduled for work that day (May 1, 2020) and was not compensated for any time that day.

The work schedule and time entry history support Jones's statement that Thomas was not scheduled for work on the day of the incident and was not compensated for any time that day. Whether an employee is on duty is not solely dispositive of whether Thomas was acting within the scope of his employment because our precedent requires us to consider whether the general act from which the alleged injury arose was in furtherance of the City's business and for the accomplishment of the objective for which Thomas was employed. *See Lara*, 2016 WL 3964794, at *3.

The City's evidence does not fully address this question. Jones declares that Thomas "was not playing golf in his capacity as a city employee when his errant golf shot hit Valerie Hall," but this statement is conclusory because it does not provide the underlying facts to support the conclusion. *See, e.g.*, *Juarez v. Harris Cnty.*, No. 01-18-00690-CV, 2019 WL 5699741, at *7 (Tex. App.—Houston [1st Dist.] Nov. 5, 2019, no pet.) (mem. op.) (holding that plaintiff's conclusory statements did not raise question of fact on jurisdictional issue of applicability of

emergency exception to TTCA waiver of governmental immunity); *see also Lenoir v. Marino*, 469 S.W.3d 669, 686 (Tex. App.—Houston [1st Dist.] 2015), aff'd, 526 S.W.3d 403 (Tex. 2017) ("Conclusory statements in affidavits are insufficient to establish the existence of a fact. . . . A conclusory statement is one that does not provide the underlying facts to support the conclusion."). Thus, we conclude that the City did not carry its burden to prove that the trial court lacks jurisdiction.[4]

We sustain the appellants second issue, and in light of this disposition, we do not need to rule on the appellants' third issue. *See* TEX. R. APP. P. 47.1.

---

[4] Moreover, in the trial court, the appellants asked the court for an opportunity to conduct discovery on jurisdictional matter, including the details of Thomas's employment by and duties as an employee of the City. The trial court implicitly denied this request when it denied the plea to the jurisdiction. We apply an abuse of discretion standard to a trial court's ruling on jurisdictional discovery. *See Quested v. City of Houston*, 440 S.W.3d 275, 280 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Generally, "courts should allow [a] reasonable opportunity for targeted discovery if necessary to illuminate jurisdictional facts in a plea to the jurisdiction." *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012). Here, the trial court granted the plea to the jurisdiction one month after the plaintiffs filed their original petition and before they had conducted any discovery. The trial court should have afforded the plaintiffs a reasonable opportunity to discover any facts relevant to the plea to the jurisdiction.

22

## Conclusion

We reverse the order granting the plea to the jurisdiction, and we remand this case to the trial court for further proceedings consistent with this opinion.

Peter Kelly
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.